UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. and ORACLE INTERNATIONAL CORPORATION,<br><br>             Plaintiffs,<br>     v.<br><br>TERIX COMPUTER COMPANY, INC., et al.,<br><br>             Defendants. | Case No. 5:13-cv-03385-PSG<br><br>**ORDER RE: DISPUTE OVER PROTECTIVE ORDER**<br><br>**(Re: Docket Nos. 83 and 91)** |

Before the court is the parties' dispute over the language the protective order in this case.[1] The parties submitted a letter brief and appeared at hearing.[2] The court adopts Oracle's request to include additional language in the protective order regarding communication with customers. The protective order shall include the following language:

- Defendants acknowledge that Oracle may have developed information regarding certain customers independent of any disclosure or production in the litigation. Defendants also acknowledge that Oracle salespeople may communicate with customers and potential customers in the ordinary course of their jobs, and that such communications do not, alone, reflect the use of protected information.

- The parties will instruct their respective business representatives generally not to initiate discussions about the litigation with their respective customers and, where possible, to refer any questions regarding the litigation to counsel.

- Business representatives who deal with customers may discuss issues related to the

---

[1] *See* Docket No. 83.

[2] *See* Docket No. 91.

1
Case No. 5:13-cv-03385-PSG
ORDER RE: DISPUTE OVER PROTECTIVE ORDER

litigation (for example, the nature of Oracle's product and service offerings, or whether Oracle or a Defendant is a better fit for a particular customer), which are part of the day-to-day discussions business personnel have with customers or prospective customers in the regular course of business.

- If a customer asks about the litigation, the business representative can respond without disclosing Confidential or AEO information (such as by providing Oracle's otherwise publicly-stated position on Defendants' allegedly unlawful conduct), although as noted, the parties will encourage their business representatives to refer those questions to counsel.

Also before the court is the issue of whether Oracle's counsel or legal department may issue cease-and-desist letters based on confidential or AEO materials. Although "there is nothing inherently improper about sending good faith cease and desist letters to suspected" infringers the court finds that "using [confidential or] AEO Material to identify them" constitutes "an impermissible shortcut."[3] There "is a vast difference between using AEO [or confidential] Material to identify a witness in this litigation and using it to threaten distributors against whom separate litigation would be required: the former" is useful in prosecuting this litigation; the latter might spawn separate litigation.[4] Cognizant of the incentive structure this order might set, the court will permit confidential and AEO material produced in this case to be used only to prosecute, defend or attempt to settle this litigation – not as fuel for additional litigation. If Oracle independently discovers its customers may be infringing its intellectual property, Oracle may act on that information. But Oracle may not, in any way, rely on confidential information gleaned from this proceeding to support those efforts.

**IT IS SO ORDERED.**

Dated: April 2, 2014

                                                      _____
                                                      PAUL S. GREWAL
                                                      United States Magistrate Judge

---

[3] *LifeScan Scotland, Ltd. v. Shasta Technologies, LLC*, Case No. 4:11-cv-04494-WHO, 2013 WL 4604746, at * 7 (N.D. Cal. Aug. 28, 2013).

[4] *Id.* at 6.