1
2
3
4
5

Valerie M. Wagner, CA State Bar No. 173146
Jill F. Kopeikin, CA State Bar No. 160792
GCA LAW PARTNERS LLP
2570 W. El Camino Real
Mountain View, CA 94040, Suite 510
Tel:  (650) 428-3900
Fax:  (650) 428-3901
jkopeikin@gcalaw.com
vwagner@gcalaw.com

6
7
8
9

Janella K. Simpson, CA State Bar No. 86476
MAINTECH INCORPORATED
VOLT DELTA RESOURCES LLC
2401 North Glassell Street, 2nd Floor
Orange, CA 92865
Tel: (714) 921-5416
jsimpson@volt.com

10
11

Attorneys for Defendants and Counterclaimants
MAINTECH INCORPORATED and
VOLT DELTA RESOURCES, LLC

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN JOSE DIVISION

15
16
17
18
19

ORACLE AMERICA, INC., a Delaware
corporation;  ORACLE
INTERNATIONAL CORPORATION, a
Delaware corporation,

                    Plaintiffs,

        v.

20
21
22
23
24
25
26

TERIX COMPUTER COMPANY, INC., a
California corporation; MAINTECH
INCORPORATED, a Delaware
corporation; VOLT DELTA
RESOURCES, LLC, a Nevada limited
liability company; SEVANNA
FINANCIAL, INC., a Nevada corporation;
WEST COAST COMPUTER
EXCHANGE, INC., a Nevada corporation
and DOES 1- 50,

27

                    Defendants.

28

Case No.:  5:13-cv-03385-PSG

FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST
AMENDED COMPLAINT BY
MAINTECH INCORPORATED AND
VOLT DELTA RESOURCES, LLC

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

Pursuant to Federal Rule of Civil Procedure 8 and 12, Defendants Maintech Incorporated ("Maintech") and Volt Delta Resources LLC ("Volt Delta") (collectively "Answering Defendants"), through their counsel, submit their Amended Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiffs Oracle America, Inc. and Oracle International Corporation (collectively "Oracle" or "Plaintiffs") in this matter.

## ANSWER TO FIRST AMENDED COMPLAINT

### I.   INTRODUCTION

1.      Answering Defendants deny all of the allegations in paragraph 1 of the First Amended Complaint.

2.      Answering Defendants deny all of the allegations of paragraph 2 of the First Amended Complaint.

3.      Answering Defendants deny that they know their conduct was illegal or that they have gone to significant lengths to conceal it.  Answering Defendants further deny that Maintech used Volt Delta's credential to download Solaris Updates and firmware updates without authorization and then to distribute those materials to their customers.   Answering Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 3 of the First Amended Complaint, and therefore deny the same.

4.      Answering Defendants deny all of the allegations in paragraph 4 of the First Amended Complaint.

5.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 5 of the First Amended Complaint, and therefore deny the same.

6.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 6 of the First Amended Complaint, and therefore deny the same.

7.      Answering Defendants admit that Maintech offers hardware support services related to Oracle's Sun-branded hardware systems, but lacks sufficient information to admit or deny the allegations in paragraph 7 relating to Terix, and therefore deny the same. Answering Defendants deny each and every remaining allegation in paragraph 7 of the First Amended Complaint.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG                    1

8.      Answering Defendants deny all of the allegations in paragraph 8 of the First Amended Complaint.

9.      Answering Defendants deny all of the allegations in paragraph 9 of the First Amended Complaint.

## II.    THE PARTIES

10.      Answering Defendants lack sufficient information to admit or deny the allegations paragraph 10 of the First Amended Complaint, and therefore deny the same.

11.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 11 of the First Amended Complaint, and therefore deny the same.

12.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 12 of the First Amended Complaint, and therefore deny the same.

13.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 13 of the First Amended Complaint, and therefore deny the same.

14.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 14 of the First Amended Complaint, and therefore deny the same.

15.      Answering Defendants admit that Maintech is a Delaware corporation providing hardware maintenance support services to third parties, with headquarters in Cranford, New Jersey and operations in Orange, California, but Answering Defendants deny the remaining allegations in paragraph 15 of the First Amended Complaint.

16.      Answering Defendants admit that Volt Delta is a Nevada limited liability company, and that it is a corporate affiliate of Maintech.  Answering Defendants deny the remaining allegations in paragraph 16 of the First Amended Complaint.

17.      Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 17 of the First Amended Complaint, and therefore deny the same.

18.      Answering Defendants deny that Maintech and/or Volt Delta have agreed to personal jurisdiction for the purposes of this action, but admit that they have not contested jurisdiction and venue in this District.  Answering Defendants deny that they have breached any contracts with Oracle.  Answering Defendants lack sufficient information to

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

2

admit or deny the remaining allegations in paragraph 18 of the First Amended Complaint, and therefore deny the same.

19.     Answering Defendants are informed and believe, and on that basis admit, that Terix is headquartered in Sunnyvale, California.  Answering Defendants lack sufficient information to admit or deny the allegations the location and activities of Sevanna and WEX.  Answering Defendants admit that Maintech has operations in Orange, California, but deny any wrongful conduct, intentional or otherwise in California or elsewhere. Answering Defendants deny the remaining allegations in paragraph 19 of the First Amended Complaint.

20.     Answering Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 20 of the First Amended Complaint, and therefore deny the same.

## III.    JURISDICTION

21.     The allegations in paragraph 21 of the First Amended Complaint state legal conclusions for which no response is required; to the extent a response is required, Answering Defendants deny the allegations in paragraph 21 of the First Amended Complaint.

22.     The allegations in paragraph 22 of the First Amended Complaint state legal conclusions for which no response is required; to the extent a response is required, Answering Defendants deny the allegations in paragraph 22 of the First Amended Complaint.

## IV.    VENUE

23.     Answering Defendants deny that Maintech and/or Volt Delta have consented to venue for the purposes of this action, but admit that they have not contested venue.  Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 23 of the First Amended Complaint, and therefore deny the same.

24.     Answering Defendants are informed and believe, and on that basis admit, that Terix is headquartered in this District.  Answering Defendants lack sufficient information to admit or deny the allegations the location and activities of Sevanna.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          3

Answering Defendants deny all of the remaining allegations of paragraph 24 of the First Amended Complaint.

## V.   INTRADISTRICT ASSIGNMENT

25.   The allegations in paragraph 25 of the First Amended Complaint state legal conclusions for which no response is required; to the extent a response is required, Answering Defendants deny the allegations in paragraph 25 of the First Amended Complaint.

## VI.   FACTUAL ALLEGATIONS

### A.   Oracle's Computer Systems and Support Materials

26.   Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 26 of the First Amended Complaint, and therefore deny the same.

27.   Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 27 of the First Amended Complaint, and therefore deny the same.

28.   Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 28 of the First Amended Complaint, and therefore deny the same.

29.   Answering Defendants are informed and believe, and on that basis admit, that Oracle technical support agreements for Sun-branded hardware typically are for annual periods of twelve months.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 29 of the First Amended Complaint, and therefore deny the same.

### B.   Oracle's Support Websites and Terms of Use

30.   Answering Defendants are informed and believe, and on that basis admit, that Oracle placed support resources for Sun-branded computer systems on My Oracle Support or "MOS" at some point after Oracle's acquisition of Sun.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 30 of the First Amended Complaint, and therefore deny the same.

31.   Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 31 of the First Amended Complaint, and therefore deny the same.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

4

1    32. Answering Defendants lack sufficient information to admit or deny the

2 allegations in paragraph 32 of the First Amended Complaint, and therefore deny the same.

3    33. Answering Defendants lack sufficient information to admit or deny the

4 allegations in paragraph 33 of the First Amended Complaint, and therefore deny the same.

5    34. Answering Defendants lack sufficient information to admit or deny the

6 allegations in paragraph 34 of the First Amended Complaint, and therefore deny the same.

7    35. Answering Defendants lack sufficient information to admit or deny the

8 allegations in paragraph 35 of the First Amended Complaint, and therefore deny the same.

9    36. Answering Defendants lack sufficient information to admit or deny the

10 allegations in paragraph 36 of the First Amended Complaint, and therefore deny the same.

11    37. Answering Defendants lack sufficient information to admit or deny the

12 allegations in paragraph 37 of the First Amended Complaint, and therefore deny the same.

13    38. Answering Defendants lack sufficient information to admit or deny the

14 allegations in paragraph 38 of the First Amended Complaint, and therefore deny the same.

15    39. Answering Defendants lack sufficient information to admit or deny the

16 allegations in paragraph 39 of the First Amended Complaint, and therefore deny the same.

17    40. Answering Defendants lack sufficient information to admit or deny the

18 allegations in paragraph 40 of the First Amended Complaint, and therefore deny the same.

19    41. Answering Defendants lack sufficient information to admit or deny the

20 allegations in paragraph 41 of the First Amended Complaint, and therefore deny the same.

21    42. Answering Defendants lack sufficient information to admit or deny the

22 allegations in paragraph 42 relating to Terix, and therefore deny the same.  Answering

23 Defendants deny each and every remaining allegation in paragraph 42 of the First Amended

24 Complaint.

25    43. Answering Defendants lack sufficient information to admit or deny the

26 allegations in paragraph 43 of the First Amended Complaint, and therefore deny the same.

27    44. Answering Defendants admit that Answering Defendants purchased a

28 Sun support agreement on a Sun computer system in 2009.  Answering Defendants lack

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG  5

sufficient information to admit or deny the remaining allegations in paragraph 44 of the First Amended Complaint, and therefore deny the same.

### C.   Defendants Accessed Oracle's Software And Support Websites Without Authorization And Provided Oracle Software To Others Who Were Not Entitled To It

45.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 45 of the First Amended Complaint, and therefore deny the same.

46.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 46 of the First Amended Complaint, and therefore deny the same.

47.     Answering Defendants admit that Maintech is an Independent Service organization (ISO) serving the global corporate IT enterprise marketplace, offering data center and remote managed services, whether the server farm or storage architecture is a combination of equipment manufacturers.  Answering Defendants deny the remaining allegations of paragraph 47 of the First Amended Complaint.

48.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 48 relating to Terix, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 48 of the First Amended Complaint.

49.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 49 relating to Terix, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 49 of the First Amended Complaint.

50.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 50 relating to Terix, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 50 of the First Amended Complaint.

51.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 51 relating to Terix and users of MOS, and therefore deny the same.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          6

Answering Defendants deny each and every remaining allegation in paragraph 51 of the First Amended Complaint.

52.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 52 and therefore deny the same.

53.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 53, and therefore deny the same.

54.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 54 of the First Amended Complaint, and therefore deny the same.

55.     Answering Defendants admit that Answering Defendants acquired a Sun support agreement on a Sun computer system from Serverware in 2009.  Answering Defendants deny the remaining allegations of paragraph 55 of the First Amended Complaint.

56.     Answering Defendants deny all of the allegations of paragraph 56 of the First Amended Complaint.

57.     Answering Defendants deny all of the allegations of paragraph 57 of the First Amended Complaint.

58.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 58 relating to Terix, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 58 of the First Amended Complaint.

59.     Answering Defendants admit that the quoted language appears in a document it received from a partner, and that the referenced customer terminated support. Answering Defendants deny each and every remaining allegation in paragraph 59 of the First Amended Complaint.

60.     Answering Defendants admit that Oracle communicated in a writing with Terix and Maintech, and that the quotations appeared in a response letter.  Answering Defendants deny that said letter contained falsities.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 60 of the First Amended Complaint, and therefore deny the same.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG                7

61.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 61 of the First Amended Complaint, and therefore deny the same.

62.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 62 relating to Terix, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 62 of the First Amended Complaint.

63.     Answering Defendants deny all of the allegations of paragraph 63 of the First Amended Complaint.

**D.     Defendants' Wrongful Conduct Injured Oracle**

64.     Answering Defendants deny all of the allegations in paragraph 64 of the First Amended Complaint.

65.     Answering Defendants deny all of the allegations in paragraph 65 of the First Amended Complaint.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement**

66.     Answering Defendants incorporate each of the responses in the preceding paragraphs 1-65 as though full set forth here.

67.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 67 of the First Amended Complaint, and therefore deny the same.

68.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 68 of the First Amended Complaint, and therefore deny the same.

69.     Answering Defendants deny the allegations in paragraph 69 of the First Amended Complaint.

70.     Answering Defendants deny the allegations in paragraph 70 of the First Amended Complaint.

71.     Answering Defendants deny the allegations in paragraph 71 of the First Amended Complaint.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG                    8

72.    Answering Defendants deny all of the allegations in paragraph 72 of the First Amended Complaint.

73.    Answering Defendants deny all of the allegations in paragraph 73 of the First Amended Complaint.

74.    Answering Defendants deny all of the allegations in paragraph 74 of the First Amended Complaint.

75.    Answering Defendants deny all of the allegations in paragraph 75 of the First Amended Complaint.

76.    Answering Defendants deny all of the allegations in paragraph 76 of the First Amended Complaint.

77.    Answering Defendants deny all of the allegations in paragraph 77 of the First Amended Complaint.

78.    Answering Defendants deny all of the allegations in paragraph 78 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF

### Violations of the Federal Computer Fraud and Abuse Act

### (18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(6)(A))

79.    Answering Defendants incorporate each of the responses in the preceding paragraphs 1-78 as though full set forth here.

80.    Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 80 of the First Amended Complaint, and therefore deny the same.

81.    Answering Defendants admit to purchasing Solaris support with Sun but Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 81 of the First Amended Complaint relating to Terix, Sevanna and WEX, and therefore deny the same.  Answering Defendants deny each and every remaining allegation in paragraph 81 of the First Amended Complaint.

82.    Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 82 of the First Amended Complaint relating to Terix, and therefore

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          9

deny the same.  Answering Defendants deny the remaining allegations in paragraph 82 of the First Amended Complaint.

83.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 83 of the First Amended Complaint relating to Terix. and therefore deny the same.  Answering Defendants deny the remaining allegations in paragraph 83 of the First Amended Complaint.

84.     Answering Defendants deny all of the allegations in paragraph 84 of the First Amended Complaint.

85.     Answering Defendants deny all of the allegations in paragraph 85 of the First Amended Complaint.

86.     Answering Defendants deny all of the allegations in paragraph 86 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### False Advertising Under the Lanham Act. 15 U.S.C. § 1125(a)(1)(B)

87.     Answering Defendants incorporate each of the responses in the preceding paragraphs 1-86 as though full set forth here.

88.     Answering Defendants deny all of the allegations in paragraph 88 of the First Amended Complaint.

89.     Answering Defendants deny all of the allegations in paragraph 89 of the First Amended Complaint.

90.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 90 of the First Amended Complaint, and therefore deny the same.

91.     Answering Defendants deny all of the allegations in paragraph 91 of the First Amended Complaint.

92.     Answering Defendants deny all of the allegations in paragraph 92 of the First Amended Complaint.

93.     Answering Defendants deny all of the allegations in paragraph 93 of the First Amended Complaint.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

94.     Answering Defendants deny all of the allegations in paragraph 94 of the First Amended Complaint.

95.     Answering Defendants deny all of the allegations in paragraph 95 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

96.     Answering Defendants incorporate each of the responses in the preceding paragraphs 1-95 as though fully set forth here.

97.     Answering Defendants deny all of the allegations in paragraph 97 of the First Amended Complaint.

98.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 98 of the First Amended Complaint, and therefore deny the same.

99.     Answering Defendants deny all of the allegations in paragraph 99 of the First Amended Complaint.

100.     Answering Defendants deny all of the allegations in paragraph 100 of the First Amended Complaint.

## FIFTH CLAIM FOR RELIEF

### Intentional Interference With Prospective Economic Relations

101.     Answering Defendants incorporate each of the responses in preceding paragraphs 1- 65 and 79-100 as though fully set forth here.

102.     Answering Defendants lack sufficient information to admit or deny the allegations in paragraph 102 of the First Amended Complaint, and therefore deny the same.

103.     Answering Defendants deny all of the allegations in paragraph 103 of the First Amended Complaint.

104.     Answering Defendants deny all of the allegations in paragraph 104 of the First Amended Complaint.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG     11

**SIXTH CLAIM FOR RELIEF**

**Unfair Competition – Cal. Bus. & Prof. Code § 17200**

105.    Answering Defendants incorporate each of the responses in preceding paragraphs 1-65 and 79-104 as though fully set forth here.

106.    Answering Defendants deny all of the allegations in paragraph 106 of the First Amended Complaint.

107.    Answering Defendants deny all of the allegations in paragraph 107 of the First Amended Complaint.

108.    Answering Defendants deny all of the allegations in paragraph 108 of the First Amended Complaint.

109.    Answering Defendants deny all of the allegations in paragraph 109 of the First Amended Complaint.

110.    Answering Defendants deny all of the allegations in paragraph 110 of the First Amended Complaint.

111.    Answering Defendants deny all of the allegations in paragraph 111 of the First Amended Complaint.

112.    Answering Defendants deny all of the allegations in paragraph 112 of the First Amended Complaint.

113.    Answering Defendants deny all of the allegations in paragraph 113 of the First Amended Complaint.

114.    Answering Defendants deny all of the allegations in paragraph 114 of the First Amended Complaint.

115.    Answering Defendants deny all of the allegations in paragraph 115 of the First Amended Complaint.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

Oracle's Prayer for Relief sets forth the statement of relief requested by Oracle, to which no response is required.  Answering Defendants deny that Plaintiffs are is entitled to any of the requested relief, deny any factual allegations contained in the Prayer for Relief and deny that injunctive relief may be granted as prayed for therein on grounds including that the requested relief is vague and lacks sufficient specificity.

**AFFIRMATIVE DEFENSES**

Plaintiff bears the burden of proving its claims and by asserting these affirmative defenses, Answering Defendants do no assume any burden or obligation to rebut the same.

**First Affirmative Defense:  Waiver And Estoppel**

The crux of Oracle's copyright claim in this action is that Solaris is protected by copyright laws.  But to this day, Oracle has done little to protect even its latest version of Solaris, Solaris 11, from anyone other than its competitors for support on Sun/Oracle devices. In December 2012, a blogger noticed that someone had posted a .tar file on the internet that purportedly contained all of the source code for Solaris 11.  This event was covered extensively in the media (*see, e.g.,* http://arstechnica.com/business/2011/12/disgruntled-employee-oracle-doesnt-seem-to-care-about-solaris-11-code-leak/) and the file itself appears to remain widely available on file sharing sites.  Similarly, the Solaris 10 source code is largely available in open source form, and also appears to be available in its entirety for download on the internet (*see e.g.,* http://megaupl0ad.org/files/solaris%2010%20source%20code).  Sun itself released Solaris 10 between 2005 and 2010 in open source form under the CDDL.  These open source and/or publically available releases of Solaris were readily available at no cost over the Internet.   In failing to take steps to keep the code for Solaris from becoming open source and/or public domain, Oracle has waived the rights to assert copyright protection for Solaris or infringement of any copyrights in Solaris.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

13

1    Similar to its *laisez faire* attitude toward protecting Solaris in its released

2   versions, Oracle has waived its rights, if any, to object to the download of Solaris Updates

3   (patches, updates and/or bugfixes) for computers not actively on software contracts with

4   Oracle from the Oracle web portals.  Oracle alleges in its First Amended Complaint that each

5   customer who purchases a technical support agreement from Oracle – whether directly or

6   indirectly – receives a "Customer Support Identification" number ("CSI") that is linked to

7   products covered by the support contract.  Oracle further alleges, however, that Answering

8   Defendants and others were able to download Oracle's proprietary Solaris Updates for

9   computers that were not on active software support contracts with Oracle.  To the extent that

10   Oracle permitted and/or continues to permit customers and/or others to access Solaris

11   Updates, firmware and/or other materials for allegedly unsupported Oracle hardware, Oracle

12   has waived its right to pursue, and is estopped from pursuing, claims for the acquisition of use

13   of those materials.  Moreover, in light of Oracle's aggressive litigation campaign with

14   allegations of copyright infringement and breach of contact for similar conduct as alleged

15   herein, Oracle's failure to take steps to prevent or redress such allegedly unauthorized access

16   constitutes a knowing waiver of its right to preclude the use of access credentials by the

17   customers or their agents in the manner alleged herein, and further gives rise to a defense of

18   estoppel.

19                          **Second Affirmative Defense:  Laches**

20                          Oracle's claims are barred by the doctrine of laches.  Oracle alleges in its First

21   Amended Complaint that customers who purchase a technical support agreement from Oracle

22   – whether directly or indirectly – receive a CSI number that is linked to products covered by

23   the support contract.  Oracle further alleges, however, that Answering Defendants and others

24   were able to download Oracle's proprietary Solaris Updates and firmware for computers that

25   were allegedly not on active software support contracts with Oracle.  To the extent that Oracle

26   failed and continues to fail to take actions to prevent customers and/or others from accessing

27   Solaris Updates and firmware for allegedly unsupported Oracle hardware, Oracle has

28   unreasonably delayed in bringing this action.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          14

Furthermore, upon information and belief, Oracle had full knowledge of Terix's interpretation of the license terms to entitle customers to receive future Solaris operating system patches, fixes, and updates.  Upon information and belief, Terix informed the Sun licensing and compliance group that Terix was delivering OEM support on that basis and offered to provide information regarding the customer relationships.  Yet Oracle took no steps either to prevent such support or to pursue claims thereon.  On information and belief, Oracle had communications with a customer receiving Solaris support from Terix in 2011 about the legitimacy of Terix' Solaris support services.  In this 2011 communication, Answering Defendants are informed and believe, and based thereon allege, that Oracle even took the position that Terix's Solaris support offerings were acceptable for servers bought from Sun before the Oracle acquisition in 2010.  Until the filing of this lawsuit in 2013, Oracle took no steps to stop Terix from providing Solaris Updates or firmware to its customers.

By its unreasonable delay in sleeping on its alleged rights, Oracle has prejudiced Answering Defendants by depriving Answering Defendants of the opportunity of collecting exculpatory evidence.  For example, despite the obvious importance to its case in chief, Oracle did not produce any of the Solaris software at the center of its claims until March 28, 2014.  Oracle has also indicated that certain of the downloads it contends the Answering Defendants and/or other Defendants improperly made may be difficult for Oracle to locate.  Moreover, upon information and belief, Maintech alleges that, through the passage of time since Terix and Oracle discussed Terix's interpretation of the Oracle licensing terms, evidence that was available to support that interpretation is likely to have been lost or destroyed.

As a further consequence of Oracle's unreasonable delay, Answering Defendants have suffered prejudice to the extent that Answering Defendants continued to provide support to customers and in so doing took actions and suffered consequences they otherwise would not have.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG      15

**<u>Third Affirmative Defense:  Copyright Misuse</u>**

Oracle is misusing its copyrights by attempting to stifle competition and leverage its rights under the United States Copyright Act to gain a monopoly over all support services related to Sun/Oracle products and to prevent legitimate competition in this field.

In 2010, Oracle began putting in place new policies aimed at monopolizing the market for support for Sun hardware systems by taking business away from the ISOs.  These policy-changes included the following:

a. Requiring customers have "all or nothing" support coverage for their Oracle/Sun systems, such that for one system to be covered by Oracle, all systems must be covered;

b. Eliminating time and materials support services;

c. Refusing to recognize the rights of customers who had licensed Solaris to receive patches, bug fixes and updates without paying for costly support packages from Oracle;

d. Requiring customers to pay punitive reinstatement fees of 150% of missed support fees to regain Oracle support – *i.e.,* access to patches, bug fixes and updates;

e. Aggressively denying access to patches, bug fixes and updates for Solaris and firmware to customers who do not get their support coverage from Oracle;

f. Requiring customers to have operating system support agreements with Oracle to obtain any patches, bug fixes or updates for Solaris; and

g. Requiring customer to have comprehensive system support agreements with Oracle to obtain any patches, bug fixes or updates for firmware on Oracle/Sun computer systems.

Oracle enforced its new support policies not only by coercing customers to buy support packages they did not want, but also by a strategy of suing ISOs servicing Oracle/Sun equipment.  Oracle's litigation strategy has been consistent with an aggressive effort that has also seen Oracle sue ISOs providing support on Oracle's enterprise software products.

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

Although Oracle competes with other OEMs in the sale of its hardware systems, Answering Defendants are informed and believe, and based thereon allege, that Oracle dominates and controls the market for support services on Oracle/Sun hardware systems, including the market for such services for the Solaris operating system that frequently runs on the Oracle/Sun systems.  Answering Defendants are informed and believe, and based thereon allege, that with the possible exception of certain open source software, Oracle has a 100% monopoly in the market for its own proprietary software, as well as in the market for supplying the patches, bug fixes and updates to this software.  Answering Defendants are informed and believe, and based thereon allege, that Oracle also has a 100% monopoly in the market for firmware and associated patches, fixes and updates that run on Oracle/Sun hardware systems.

Oracle offers two primary types of support packages for Oracle/Sun hardware systems: (a) a comprehensive package including hardware and software support, such as Oracle Premier Support for Systems; and (b) a package that covers Solaris support such as Oracle Premier Support for Operating Systems.  Oracle's support packages are generally set for annual terms and priced as a percentage of the purchase price.  Oracle is aware that ISOs may offer lower prices on similar support offerings, and Oracle considers ISOs to be its competition in the market for support services on Oracle/Sun systems.

Since the acquisition of Sun closed in 2010, Oracle has taken the position with customers who own Oracle/Sun hardware systems running Solaris that the only legitimate manner in which those customers may obtain bug fixes, patches or updates to the Solaris operating system is by purchasing at a minimum a service package for operating system support, such as Oracle Premier Support for Systems or Oracle Premier Support for Operating Systems.  Oracle has similarly taken the position that customers cannot obtain firmware updates for Oracle/Sun hardware systems unless they have a comprehensive support policy such as Oracle Premier Support for Systems.

Oracle's policy that licensees of Solaris are not entitled to patches, bug fixes or updates to Solaris unless they pay for a support package from Oracle deprives these customers

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

17

1   of Solaris software they have already licensed and related functionality for their Oracle/Sun

2   systems.  The original license and entitlement documentation that these customers received

3   from Sun gave these customers the right to receive patches, bug fixes and updates to Solaris.

4   Oracle is charging customers for the right to access software that these customers already

5   have licensed.

6                Answering Defendants are informed and believe, and based thereon allege, that

7   Oracle does not offer hardware support as a standalone option on Oracle/Sun systems.

8   Answering Defendants are informed and believe, and based thereon allege, that Oracle does

9   not offer time and materials support services for Oracle/Sun systems, and that it does not sell

10  Solaris patches or firmware patches separately (apart from inclusion in an expensive and more

11  comprehensive support package).

12               Answering Defendants are informed and believe, and based thereon allege, that

13  customers who have bought Oracle/Sun hardware systems with the Solaris operating system

14  are unlikely to switch to competing hardware systems due to the excessive cost of support

15  packages from Oracle because new hardware systems are significantly more expensive than

16  support contracts for any given time period.  It is also difficult for customers to switch to

17  competing hardware systems because systems running non-Solaris operating systems may not

18  offer all of the advantages for high-end servers and are not necessarily reasonable substitutes.

19               Oracle's control over the market for Solaris patches, bug fixes and firmware,

20  and for the firmware updates necessary to keep Oracle/Sun systems running properly is

21  demonstrated by the fact that its prices for the support packages that give customers access to

22  these patches, bug fixes and updates are substantially higher than the otherwise comparable

23  support packages offered by ISOs like Maintech.  In fact, Answering Defendants are informed

24  and believe, and based thereon allege, that the costs of OEM-provided support on a

25  Oracle/Sun computer system more than doubled after Oracle acquired Sun in 2010.

26               Oracle's refusal to sell Solaris and firmware patches to customers of

27  Oracle/Sun equipment unless they also purchase support packages constitutes unlawful tying

28  in violation of the Sherman Act, 15 U.S.C § 1, and California Business & Professions Code §

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          18

16720 *et seq.*  Oracle's illegal tying has harmed Answering Defendants, and has harmed and continues to harm competition in the market for support services on Oracle/Sun systems. Oracle's anticompetitive conduct affects a substantial volume of interstate commerce in the relevant markets and is also illegal under the Sherman Act, 15 U.S.C. § 2.

Oracle is further engaging in copyright misuse to the extent it is asserting copyright infringement in this action to extract a fee for use of software that is subject to open-source licenses, already in the public domain, and/or in which Oracle does not have a copyright interest.  Answering Defendants are informed and believe, and based thereon allege, that substantially all of the versions of Solaris that Oracle has alleged were covered by copyrights it contends were infringed by Answering Defendants were based upon and included information that was owned by third parties, public domain or subject to open source licenses.  Oracle is not entitled to copyright protection in Solaris to the extent it was dedicated to the public, allowed to be used without license, or included code belonging to third parties.

Answering Defendants are informed and believe, and based thereon allege, that Sun provided free copies of Solaris under a "Common Development and Distribution License" ("CDDL") as an "open source" version of Solaris known as OpenSolaris. Answering Defendants are informed and believe, and based thereon allege, that the majority of Solaris 10 was made available under an open source CDDL license.  The Oracle website continues to make available open source versions of the Solaris code, as well as firmware for Oracle/Sun systems, at http://www.oracle.com/technetwork/opensource/index.html.

The agreements between Sun and customers of Solaris provided that the customer would have the right to use the original version of Solaris *and* patches, error corrections and updates to that version.  Sun also specifically noted in its license documents for Solaris that "error corrections or patches, updates, and tools" were made available on Sun's "knowledge database" websites, including SunSolve.

Answering Defendants are informed and believe, and based thereon allege, that Sun did not hide or deemphasize this aspect of the Solaris licenses it granted to customers, but

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG                    19

advertised it on publically available areas of the Sun website.  One portion of the Sun website, still available on the Internet Archive, states:

> "The Solaris Operating System has specific named releases, such as 'Solaris 9'; each release may also have updates.  A license to use a certain version of the software, such as Solaris 9, includes the right to use all current and future Solaris 9 updates, but does not include the right to use the later version such as Solaris 10."

### Fourth Affirmative Defense:  Copyright Invalidity

One or more of the copyright registrations that are allegedly infringed by Answering Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.  With respect to the versions of Solaris subject to the copyright registrations and application identified in the First Amended Complaint, Answering Defendants are informed and believe, and based thereon allege, that the Solaris source and object code consists of functional, efficiency-driven and structural elements.  These "idea[s], procedure[s], process[es], system[s], method [s] of operation, concept[s], principles, or discover [ies]" are not protectable under 17 U.S.C. § 102(b).

### Fifth Affirmative Defense:  17 U.S.C. § 117

Any alleged use or copying by Answering Defendants of Oracle's copyrighted material is lawful under 17 U.S.C. § 117.  Any such use and/or copying of the copyrighted works that was done by Answering Defendants, if any, pertained to copies made in the utilization of Solaris, for archival purposes, pursuant to the lease, sale or transfer of the underlying work, and/or for the purposes of maintenance or repair.

### Sixth Affirmative Defense:  Elements Not Protected by Copyright

Oracle's copyright claims are barred to the extent that Oracle claims rights to elements of Oracle software or other works that are functional, are not original, or are otherwise not protectable by copyright and/or are not protected by the asserted copyrights.  Answering Defendants are informed and believe, and based thereon allege, that the Solaris source and object code consists of functional, efficiency-driven and structural elements.  These "idea[s], procedure[s], process[es], system[s], method [s] of operation, concept[s], principles, or discover [ies]" are not protectable under 17 U.S.C. § 102(b).

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          20

**Seventh Affirmative Defense:  First Publication**

On information and belief, Oracle's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Oracle's copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

**Eighth Affirmative Defense:  Fair Use**

Even if Oracle could satisfy the other elements of copyright infringement, any use Answering Defendants made of Oracle's copyrighted material was a fair use that is not actionable.  Oracle has either or expressly or impliedly granted a license to the owners of Sun/Oracle hardware and software to access software updates, patches, and upgrades. Answering Defendants were, at all times complained of, acting as authorized agents of the owners of such equipment.  As authorized agents acting on behalf of the customers and/or former customers of Oracle, Answering Defendants were entitled to use Oracle's allegedly copyrighted materials in a reasonable manner without the direct consent of Oracle. Additionally, upon information and belief, Oracle permitted many if not most of Solaris operating software, and patches, bug fixes and updates, to be "open source" and freely available over the Internet.  Oracle did not adequately or fairly notify customers or ISOs that its policies and practices were changing.  Using updates, patches, and upgrades that are not sold or licensed separately to service lawful owners of Oracle/Sun computer systems and operating system software is a fair use, especially when Oracle is attempting to use its copyright monopoly over the operating software and software updates, patches and upgrades to monopolize the market for support on Sun/Oracle computer systems, and to try to drive competing ISOs out of business, or at least out of the business of competing in the Sun/Oracle computer system support market.

**Ninth Affirmative Defense:  Permitted Access**

Plaintiffs' claims for violations of the Computer Fraud and Abuse Act are barred based on agreements between Plaintiffs and their customers and/or former customers, such as the Terms of Use for the My Oracle Support website, which expressly allow agents of

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

21

the site's authorized users to access the site on their behalf and access the materials there.  *See*
First Amended Complaint ¶ 37.

### Tenth Affirmative Defense:  Statute of Limitations

Plaintiffs' claims are barred by the applicable statute of limitations for each cause of
action.  Answering Defendants are informed and believe, and based thereon allege, that
Oracle was aware of the manner in which Answering Defendants were providing support
services for customers with Sun hardware before the acquisition of Sun by Oracle in January
2010, and possibly as early as 2008.

### Eleventh Affirmative Defense:  Unclean Hands

Oracle is misusing its copyrights by trying to cover subsequently developed
matter that may not be entitled to copyright protection, and by attempting to leverage
copyright monopoly over the market for support of Oracle/Sun software and related hardware.
In addition, Oracle has initiated a campaign to persecute and in so doing exclude third-party
service and support providers, like the Answering Defendants and other ISOs, from the
market for support on Oracle hardware systems.  Additionally, upon information Oracle is
attempting through litigation to unilaterally change the terms of its agreements with its
customers for previously purchased servers and operating software.  Further, Oracle's refusal
to sell upgrades to customers of Oracle/Sun equipment unless they also purchase support
packages constitutes unlawful tying in violation of the Sherman Act, 15 U.S.C § 1, and
California Business & Professions Code § 16720 *et seq*.  Oracle's illegal tying has harmed
Maintech, and has harmed and continues to harm competition in the market for support
services on Oracle/Sun systems.  Oracle's anticompetitive conduct affects a substantial
volume of interstate commerce in the relevant markets and is also illegal under the Sherman
Act, 15 U.S.C. § 2.  The foregoing actions, and each of them, constitutes unclean hands.

### Twelfth Affirmative Defense:  Express or Implied License

Even if Oracle could satisfy the other elements of copyright infringement, any
use Answering Defendants made of Oracle's copyrighted material is lawful use based on
agreements between Plaintiffs and its customers and/or former customers.  Oracle has either

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

22

1  expressly or impliedly granted a license to owners of Solaris Operating systems for continued

2  support and updates, and Answering Defendants acted as these customers' authorized agents

3  within the terms of such licenses.

4  Customers who obtained licensed copies of Solaris by purchasing Oracle

5  hardware with the Solaris installed, or by otherwise obtaining a licensed version of Solaris,

6  received "perpetual" license rights both to the obtained version of Solaris and to any Solaris

7  Updates subsequently provided for those versions of Solaris. The license rights granted to

8  licensees are set forth in original Solaris license documents that, by their terms, can only be

9  modified by a written and executed amendment.

10  Sun's Binary Code License Agreement  granted Solaris licensees a license for

11  the underlying Solaris program, as well as to "any error corrections provided by Sun." *See,*

12  *e.g.*, ORCLTM00000629-637, ORCLTM00000640-648, ORCLTM00000653-665,

13  ORCLTM00000666-678, ORCLTM00000679-691, ORCLTM00000692-694. Sun's policies

14  regarding patches and updates for Solaris 10, at a minimum, stated that licensees could obtain

15  "all the patches/fixes when they are rolled into a complete OS release." *See* ORCLTM810-

16  8114. Furthermore, Sun promised that "[s]ecurity and driver fixes are available to all," and

17  made it clear that the license to Solaris 10 was "freestanding" rather than tied to a particular

18  machine. *See* ORCLTM811.

19  Answering Defendants are informed and believe, and based thereon allege, that

20  Sun did not hide or deemphasize the fact that the Solaris licenses it granted to customers

21  included patches and updates, but advertised it on publically available areas of the Sun

22  website. One portion of the Sun website, still available on the Internet Archive, states:

23  "The Solaris Operating System has specific named releases, such as
   'Solaris 9'; each release may also have updates. A license to use a

24  certain version of the software, such as Solaris 9, includes the right to
   use all current and future Solaris 9 updates, but does not include the

25  right to use the later version such as Solaris 10."

26  After Oracle acquired Sun, it stated in license documents (*see, e.g.,*

27  ORCLT00000599-604) that "in all cases where the reference is Sun, Oracle will fulfill these

28

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          23

obligations as successor in interest to Sun."  In at least one post-acquisition license document, Oracle stated that:

> "[Y]our right to reproduce, distribute and/or use Software in the form of an update, error correction or patch (collectively, 'Updates') is commonly governed by the license that governs the underlying software code to which the Update pertains.  Therefore, to the extent that you have the right to access Updates, your license with Sun that pertains to the underlying software code will typically govern your right to reproduce, distribute and/or use such Software."

## Thirteenth Affirmative Defense:  Copyright Permitted Use and/or Agency

Any use by Answering Defendants of Oracle's copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers, and Answering Defendants were acting as the authorized agents of said customers and former customers in the conduct claimed of by Oracle in this action.

## Fourteenth Affirmative Defense:  Consent

Oracle consented to any use by Answering Defendants of Oracle's copyrighted material, software, updates and patches at issue in this action pursuant under the agreements between the Oracle and its customers and/or former customers insofar as Answering Defendants were acting as agents for and on behalf of the customers.

## Fifteenth Affirmative Defense:  Failure to Mitigate Damages

Oracle's claims are barred in whole or in part because Oracle has failed to take appropriate steps to mitigate the alleged harm.  Oracle alleges in its First Amended Complaint that customers who purchase a technical support agreement from Oracle – whether directly or indirectly – receive a CSI number that is linked to products covered by the support contract. Oracle further alleges, however, that Answering Defendants were able to download Oracle's Solaris Updates for computers that were not on active software support contracts with Oracle. But to this day, Oracle has done little to protect even its latest version of Solaris, Solaris 11, from anyone other than its competitors for support on Sun/Oracle devices.  In December 2012, a blogger noticed that someone had posted a .tar file on the internet that purportedly contained all of the source code for Solaris 11.  This event was covered extensively in the media (*see, e.g.,* http://arstechnica.com/business/2011/12/disgruntled-employee-oracle-

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

24

doesnt-seem-to-care-about-solaris-11-code-leak/) and the file itself appears to remain widely available on file sharing sites.  Similarly, the Solaris 10 source code is largely available in open source form, and also appears to be available in its entirety for download on the internet (*see e.g.,* http://megaupl0ad.org/files/solaris%2010%20source%20code).  Sun itself released Solaris 10 between 2005 and 2010 in open source form under the CDDL.  These open source and/or publically available releases of Solaris were readily available at no cost over the Internet.   In failing to take steps to keep the code for Solaris from becoming open source and/or public domain, Oracle has failed to mitigate its damages, if any.

Oracle has similarly failed to take steps to prevent or redress the allegedly unauthorized download of Solaris Updates or firmware for computers not actively on software contracts with Oracle from the Oracle web portals.  Oracle alleges in its First Amended Complaint that each customer who purchases a technical support agreement from Oracle – whether directly or indirectly – receives a CSI number that is linked to products covered by the support contract.  Oracle further alleges, however, that Answering Defendants were able to download Oracle's Solaris Updates and firmware for computers who were not on active software support contracts with Oracle.  By failing to take steps to prevent customers and/or others to access materials for allegedly unsupported Oracle hardware, Oracle has failed to mitigate its damages, if any.

### Sixteenth Affirmative Defense:  Contributory Negligence

Oracle's alleged damages were caused, in whole or in part, by Oracle's own negligence.  Oracle alleges in its First Amended Complaint that customers who purchase a technical support agreement from Oracle – whether directly or indirectly – receive a CSI number that is linked to products covered by the support contract.  Oracle further alleges, however, that Answering Defendants were able to download Oracle's Solaris Updates and firmware for computers who were not on active software support contracts with Oracle.  But to this day, Oracle has done little to protect even its latest version of Solaris, Solaris 11, from anyone other than its competitors for support on Sun/Oracle devices.  In December 2012, a blogger noticed that someone had posted a .tar file on the internet that purportedly contained

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          25

1   all of the source code for Solaris 11.  This event was covered extensively in the media (*see,*

2   *e.g.,* http://arstechnica.com/business/2011/12/disgruntled-employee-oracle-doesnt-seem-to-

3   care-about-solaris-11-code-leak/) and the file itself appears to remain widely available on file

4   sharing sites.  Similarly, the Solaris 10 source code is largely available in open source form,

5   and also appears to be available in its entirety for download on the internet (*see e.g.,*

6   http://megaupl0ad.org/files/solaris%2010%20source%20code).  Sun itself released Solaris 10

7   between 2005 and 2010 in open source form under the CDDL.  These open source and/or

8   publically available releases of Solaris were readily available at no cost over the Internet.  By

9   failing to take steps to prevent customers and/or others to access materials for allegedly

10  unsupported Oracle hardware, Oracle committed contributory negligence.

**Seventeenth Affirmative Defense:  Acts, Conduct or Omissions of Others**

12              Oracle's claims for relief are barred, in whole or in part, because the damages,

13  if any, suffered by Oracle were proximately caused, in whole or in part, by the acts, conduct

14  or omissions of persons or entities other than Answering Defendants, and not by any

15  wrongdoing or negligence on the part of Maintech and/or Volt Delta.  For example, to the

16  extent that customers or others informed Answering Defendants that the customers were

17  entitled to certain Solaris Updates, or took steps to secure updates contrary to the rights of

18  Oracle, if any, liability for such wrongful acts, conduct or omissions by such other persons or

19  entities is not properly attributable to Answering Defendants.

**Eighteenth Affirmative Defense:  Copyright Preemption**

21              Oracle's Fourth Claim for Relief (Breach of Contract), Fifth Claim for Relief

22  (Intentional Interference with Prospective Economic Relations, and Sixth Claim for Relief

23  (Unfair Competition) are preempted by the U.S. Copyright Act, 17 U.S.C. § 301.

**Nineteenth Affirmative Defense:  Unregistered Works**

25              On information and belief, some or all of the allegedly copyrighted works that

26  Oracle alleges were infringed have not been registered with the U.S. Copyright Office.

27  Oracle's Copyright Infringement claim is therefore barred by 17 U.S.C. § 411.  Oracle has

28  registrations that purport to relate to single versions of Solaris, and do not indicate that they

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG

1   related to any sub-versions, updates, patches or bug fixes.  Oracle has not alleged any

2   copyright registrations for firmware in this case, and Answering Defendants are informed and

3   believe, and based thereon allege, that Oracle does not have copyright registrations covering

4   any of the firmware referenced in the First Amended Complaint.

5   **Twentieth Affirmative Defense:  Privileged Conduct And Good Faith**

6                Oracle's claim for intentional interference with prospective economic

7   advantage is barred because Answering Defendants' actions were privileged because they

8   were taken in a good faith effort to compete with the Plaintiffs, and/or Answering Defendants

9   had an equal or superior interest in the prospective economic advantage.

10   **Twenty-First Affirmative Defense:  Reasonable Conduct**

11                Oracle's claim for intentional interference with prospective economic

12   advantage is barred because Answering Defendants' actions were reasonable steps to protect

13   Answering Defendants' own legal rights, including Answering Defendants' own contractual

14   rights and other intangible business interests.

15   **Twenty-Second Affirmative Defense:  First Amendment**

16                Oracle's claims are barred in whole or in part because the commercial speech

17   of Answering Defendants was not false or misleading and is protected under the First

18   Amendment of the United States Constitution and the California Constitution.

19   **Twenty-Third Affirmative Defense:  Nominative Fair Use**

20                Oracle's Third Claim for Relief (Lanham Act) fails because Oracle's Solaris

21   Updates and support are products and services that are not readily identifiable without

22   reference thereto, and Answering Defendants' use constitutes use that is reasonably necessary

23   to identify the product or service, and Answering Defendants have done nothing that would,

24   in conjunction with references to Oracle's products and services, suggest sponsorship or

25   endorsement by Oracle.

26

27

28

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG          27

**Twenty-Fourth Affirmative Defense:  Unconstitutionally And Impermissibly Vague**

Oracle is not entitled to the requested injunctive relief because it is impermissibly vague and does not give fair notice of the scope and nature of prohibited activities, and therefore is unconstitutionally and impermissibly vague.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Oracle's First Amended Complaint, Answering Defendants Maintech and Volt Delta and respectfully pray that this Court:

A.   Dismiss Oracle's First Amended Complaint and all claims and relief sought therein;

B.   Deny Oracle's request for preliminary and permanent injunctive relief;

C.   Grant Answering Defendants their reasonable attorneys' fees and costs of this action; and

D.   Grant Answering Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendants Maintech and Volt Delta hereby demand a trial by jury on all issues triable by a jury.

Dated:  May 19, 2014                          GCA LAW PARTNERS LLP


                                              /s/ Valerie M. Wagner
                                              Valerie M. Wagner

                                              Attorneys for Defendants and
                                              Counterclaimants MAINTECH
                                              INCORPORATED and VOLT DELTA
                                              RESOURCES LLC

GCA Law Partners LLP
2570 W. El Camino Real
Suite 510
Mountain View, CA  94043
(650)428-3900

FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY MAINTECH
INCORPORATED AND VOLT DELTA RESOURCES, LLC; CASE NO. 5:13-CV-03385-PSG                 28