UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., et al., ) | Case No. 5:13-cv-03385-PSG |
| ) | |
| Plaintiff, ) | **ORDER RE: MOTION TO SEAL** |
| ) | |
| v. ) | **(Re: Docket No. 399)** |
| ) | |
| TERIX COMPUTER COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is an administrative motion to seal 25 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

Case No. 5:13-cv-03385-PSG
ORDER RE: MOTION TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motion as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 399 | Oracle's Motion for Partial Summary Judgment | • Page 9:7-11 designations highlighted in grey UNSEALED<br>• Page 10:15-16 designations highlighted in grey SEALED<br>• Page 10:27-28 designations highlighted in grey SEALED<br>• Pages 13-14 designations highlighted in grey SEALED<br>• Page 24:12-16 designations highlighted in grey SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information. |
| 399 | Papay Declaration in Support of Oracle's Motion for Partial Summary Judgment | • Page 6:3 designations outlined in red SEALED<br>• Page 6:9 UNSEALED<br>• Page 6:14-15 designations outlined in red SEALED<br>• Page 6:16 UNSEALED<br>• Page 6:26-27 designations outlined in red SEALED<br>• ¶¶ 29-31 designations outlined in red SEALED<br>• ¶ 31 UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information. |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

| | | | |
|---|---|---|---|
| 399 | Exhibit 1 (Docket No. 399-8) | • Page 3:9-13 designations highlighted in yellow UNSEALED<br>• Pages 5-13 tables SEALED<br>• Page 14:24-25 table SEALED | Only sealed portions narrowly tailored to confidential business and customer information. |
| 399 | Exhibit 2 (Docket No. 399-9) | • Page 21:5-7 designations highlighted in yellow UNSEALED<br>• Page 22:22-25 designations highlighted in yellow SEALED<br>• Page 26:9-11 designations highlighted in yellow UNSEALED<br>• Page 26:19-23 designations highlighted in yellow SEALED<br>• Pages 27-30 designations highlighted in yellow SEALED<br>• Page 31 designations highlighted in yellow UNSEALED | Only sealed portions narrowly tailored to confidential customer information. |
| 399 | Exhibit 3 (Docket No. 399-10) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 399 | Exhibit 12 (Docket No. 399-12) | As to specific customer names SEALED. As to all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 13 (Docket No. 399-13) | SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 14 (Docket No. 399-15) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 15 (Docket No. 399-17) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 16 (Docket No. 399-19) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |

| 399 | Exhibit 17 (Docket No. 399-21) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
|---|---|---|---|
| 399 | Exhibit 18 (Docket No. 399-23) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 19 (Docket No. 399-25) | Designations outlined in red SEALED | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 20 (Docket No. 399-27) | • TRX0120422-23 e-mail addresses and user IDs SEALED<br>• TRX0120432 designations outlined in red SEALED<br>• All other designations highlighted in yellow UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information. |
| 399 | Exhibit 21 (Docket No. 399-29) | Designations outlined in red SEALED | Narrowly tailored to confidential customer information. |
| 399 | Exhibit 22 (Docket No. 399-31) | • Designations outlined in red SEALED<br>• All other designations highlighted in yellow UNSEALED | Only sealed portions narrowly tailored to confidential customer information. |
| 399 | Exhibit 23 (Docket No. 399-32) | • Pages 9-14 tables SEALED<br>• All other designations highlighted in yellow UNSEALED | Only sealed portions narrowly tailored to confidential customer information. |
| 399 | Exhibit 24 (Docket No. 399-33) | SEALED | Narrowly tailored to confidential business information. |
| 399 | Exhibit 25 (Docket No. 399-34) | UNSEALED | Exhibit not sealable in its entirety. Not narrowly tailored to confidential customer information. |

| | | | |
|---|---|---|---|
| 399 | Exhibit 26 (Docket No. 399-35) | UNSEALED | Exhibit not sealable in its entirety. Not narrowly tailored to confidential customer information. |
| 399 | Exhibit 27 (Docket No. 399-36) | UNSEALED | Exhibit not sealable in its entirety. Not narrowly tailored to confidential customer information. |
| 399 | Exhibit 28 (Docket No. 399-37) | As to specific customer names SEALED. As to all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential customer names and emails. |
| 399 | Exhibit 29 (Docket No. 399-39) | Designations outlined in red SEALED | Narrowly tailored to confidential business information. |
| 399 | Exhibit 30 (Docket No. 399-40) | SEALED | Narrowly tailored to confidential business information. |
| 399 | Exhibit 31 (Docket No. 399-42) | As to specific customer names SEALED. As to all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential customer names and emails. |

**SO ORDERED.**

Dated: January 16, 2015

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge