UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., et al., | Case No. 5:13-cv-03385-PSG |
| Plaintiff, | **ORDER RE: MOTIONS TO SEAL** |
| v. | **(Re: Docket Nos. 431, 433)** |
| TERIX COMPUTER COMPANY, INC., et al., | |
| Defendants. | |

Before the court are two administrative motions to seal multiple documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motion as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
| --- | --- | --- | --- |
| 431 | Opposition to Defendants' Motion to Strike Affirmative Defenses | • Page 5:23-24 UNSEALED<br>• Page 6:5 UNSEALED<br>• Page 6:6-7 specific customer reference SEALED<br>• Page 6:9 UNSEALED<br>• Page 6:14-15 UNSEALED<br>• Page 12:17-19 UNSEALED<br>• Page 13:9-10 UNSEALED<br>• Page 16:27-28 specific customer references SEALED<br>• Page 17:14-19 UNSEALED, except<br>　▪ Page 17:15-16 specific customer references SEALED<br>　▪ Page 17:18 specific customer reference SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information.<br><br>While the protective order extends to names of individuals employed by Terix customers, it does not extend to individuals employed by Terix, i.e. Mr. Appleby who tendered the declaration in support of sealing. |
| 431 | Exhibit 1<br><br>(Docket No. 432-1) | UNSEALED | Declaration as filed does not support sealing. |
| 431 | Exhibit 22 | UNSEALED | No such exhibit filed with the court. |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

3

Case No. 5:13-cv-03385-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| 431 | Exhibit 4 (Docket No. 431-6) | • Page 7:6 specific customer reference SEALED<br>• Page 8:11 specific customer reference SEALED<br>• Page 10:26 specific customer reference SEALED<br>• Page 14:17-26; "See, e.g." until "Terix" SEALED<br>• Page 18:27-19:10 SEALED, except<br>    ▪ Page 19:3-19:7; "See, e.g." through "Ex. 565" UNSEALED<br>• Page 20:12 UNSEALED<br>• Page 20:25 specific customer reference SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information.<br><br>While the protective order extends to names of individuals employed by Terix customers, it does not extend to individuals employed by Terix, i.e. Mr. Appleby who tendered the declaration in support of sealing. |
| 431 | Exhibit 5 (Docket No. 431-8) | • Page 3:10-19 UNSEALED<br>• Page 31:5-7; line 5 through "Terix is" SEALED<br>• Page 32:22-38:15 SEALED | Only sealed portions narrowly tailored to confidential business or customer information. |
| 431 | Exhibit 6 (Docket No. 431-10) | • Page 18:13-23 SEALED<br>• Pages 20:8-21:15 SEALED<br>• Pages 23:24-24:9 SEALED | Narrowly tailored to confidential customer information. |
| 431 | Exhibit 7 (Docket No. 431-12) | • Page 4:2-3 SEALED<br>• Pages 46:5-144:24 portions outlined in black SEALED<br>• Page 145:1 specific customer reference SEALED<br>• Page 145:14-17,23 specific customer references SEALED<br>• Page 146:1,3,5,6,8,10,14-17,19,23-25 specific customer references SEALED<br>• Page 147:5,6,10,16,19,24 specific customer references SEALED<br>• Page 148:13,17,20,24-25 specific customer references SEALED<br>• Page 149:3,7,10,18,23-25 specific customer references SEALED<br>• All other designations UNSEALED | Narrowly tailored to confidential customer information. |
| 433 | Exhibit A (Docket No. 433-4) | • Page 18:18-21 redacted portions SEALED<br>• Pages 18:23-19:1 redacted portions SEALED<br>• Page 19:5-6 UNSEALED<br>• Page 19:26 UNSEALED<br>• Page 21:16 UNSEALED<br>• Page 23:9-15 redacted portions SEALED | Only sealed portions narrowly tailored to confidential business and customer information.<br><br>While the protective order extends to names of individuals |

4

Case No. 5:13-cv-03385-PSG
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | | • Pages 23:23-24:9 redacted portions SEALED<br>• Page 24:21-22 UNSEALED<br>• Page 24:26-27 redacted portions SEALED<br>• Page 25:2-3 UNSEALED<br>• Page 25:18 redacted portions SEALED<br>• Page 25:20 UNSEALED<br>• Page 25:25 redacted portions SEALED<br>• Page 26:8 redacted portions SEALED<br>• Page 26:12 UNSEALED<br>• Page 26:15 redacted portions SEALED<br>• Page 26:21 UNSEALED<br>• Page 26:28 UNSEALED<br>• Page 27:2 UNSEALED<br>• Page 27:14-20 redacted portions SEALED<br>• Page 28:6-9 redacted portions SEALED<br>• Page 28:10-17 UNSEALED, except<br>    ▪ Line 14 after "Ex. 565" through line 17 SEALED<br>• Page 29:13 UNSEALED<br>• Page 29:24 UNSEALED<br>• Pages 29:26-30:4 redacted portions SEALED<br>• Page 30:8-9 UNSEALED<br>• Page 32:11-13 UNSEALED<br>• Page 33:3-12 redacted portions SEALED<br>• All other designations UNSEALED | employed by Terix customers, it does not extend to individuals employed by Terix, i.e. Mr. Appleby who tendered the declaration in support of sealing. |
| 433 | Exhibit B<br><br>(Docket No. 433-6) | • Page 16:17 UNSEALED<br>• Page 16:25-28 redacted portions SEALED<br>• Page 17:2-8 redacted portions SEALED<br>• Page 17:12-13 UNSEALED<br>• Page 17:13 UNSEALED<br>• Page 18:7-8 UNSAELED<br>• Page 19:26 UNSEALED<br>• Page 21:19-25 redacted portions SEALED<br>• Page 22:5-19 redacted portions SEALED<br>• Page 23:3-4 UNSEALED<br>• Page 23:8-9 redacted portions SEALED<br>• Page 23:12-13 UNSEALED<br>• Page 23:16-17 from start of line 16 until "For both contracts" SEALED<br>• Page 23:28 redacted portions SEALED<br>• Page 24:2 UNSEALED<br>• Page 24:7 redacted portions SEALED<br>• Page 24:18 redacted portions SEALED<br>• Page 24:22 UNSEALED<br>• Page 24:25 redacted portions SEALED<br>• Page 24:28 redacted portions SEALED<br>• Page 25:3 UNSEALED | Only sealed portions narrowly tailored to confidential business and customer information.<br><br>While the protective order extends to names of individuals employed by Terix customers, it does not extend to individuals employed by Terix, i.e. Mr. Appleby who tendered the declaration in support of sealing. |

5

Case No. 5:13-cv-03385-PSG
ORDER RE: MOTIONS TO SEAL

|  |  | <ul><li>Page 25:10 UNSEALED</li><li>Page 25:12 UNSEALED</li><li>Pages 25:24-26:2 redacted portions SEALED</li><li>Page 26:15-18 redacted portions SEALED</li><li>Page 26:19-26 UNSEALED, except<ul><li>Line 23 after "Ex. 565" though line 26 SEALED</li></ul></li><li>Page 27:22 UNSEALED</li><li>Page 28:5 UNSEALED</li><li>Page 28:7-13 redacted portions SEALED</li><li>Page 28:17-18 UNSEALED</li><li>Page 29:20-25 redacted portions SEALED</li><li>Pages 30:28-31:2 UNSEALED</li><li>Pages 31:20-32:1 redacted portions SEALED</li><li>All other designations UNSEALED</li></ul> |  |

**SO ORDERED.**

Dated: January 28, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge