1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jennifer S. Coleman, Bar No. 213210
   jcoleman@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA  95113-2406
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA 95109-1469
7  Telephone:    (408) 286-9800
   Facsimile:    (408) 998-4790
8
   Gabriel G. Gregg, Bar No. 187333
9  ggg@robinsonwood.com
   ROBINSON & WOOD, INC.
10 227 North First Street
   San Jose, CA 95113
11 Telephone: (408) 298-7120
   Facsimile:  (408) 298-0477

Christopher L. Lardiere *(Pro Hac Vice)*
chris@lmcounsel.com
LARDIERE MCNAIR, LLC
3956 Brown Park Drive, Suite B
Hilliard, OH 43026
Telephone: (614) 534-1355
Facsimile: (614) 319-3746

Richard James Mooney, Bar No. 176486
richard.mooney@rimonlaw.com
Scott Robert Raber, Bar No. 194924
scott.raber@rimonlaw.com
RIMON PC
One Embarcadero Ctr., #400
San Francisco, CA 94105
Telephone: (800) 930-7271
Facsimile:  (800) 930-7271

Attorneys for Defendants
TERIX COMPUTER COMPANY, INC.,
SEVANNA FINANCIAL, INC., AND WEST
COAST COMPUTER EXCHANGE, INC.

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN JOSE DIVISION

15

16  ORACLE AMERICA, INC., a Delaware
    corporation; and ORACLE
17  INTERNATIONAL CORPORATION, a
    Delaware corporation,

18              Plaintiffs,

19       v.

20  TERIX COMPUTER COMPANY, INC., a
    California corporation; MAINTECH
21  INCORPORATED, a Delaware
    corporation; VOLT DELTA
22  RESOURCES, LLC, a Nevada limited
    liability company; SEVANNA
23  FINANCIAL, INC., a Nevada corporation;
    WEST COAST COMPUTER
24  EXCHANGE, INC., a Nevada corporation;
    and DOES 1-50,

25              Defendants.

26

27  AND RELATED COUNTERCLAIMS.

CASE NO.  5:13-cv-03385-PSG

**DEFENDANTS TERIX COMPUTER
COMPANY, INC., WEST COAST
COMPUTER EXCHANGE, INC. AND
SEVANNA FINANCIAL, INC.'S
OPPOSITION TO ORACLE'S MOTION
FOR SANCTIONS**

Date:      March 30, 2015
Time:      9:00 a.m.
Ctrm:      Courtroom 5, 4th Floor
Judge:     Hon.  Paul J. Grewal

**REDACTED VERSION OF DOCUMENT
SOUGHT TO BE FILED**

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                      5:13-CV-03385-PSG

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  FACTS ...................................................................................................... 4

    A.   Terix's Sun/Oracle Customers .......................................................... 5

    B.   Terix's Extensive Discovery Efforts In This Case ............................ 5

        1.   The Testing Directory ............................................................. 7

        2.   The Supplemental Laptop ....................................................... 8

    C.   Terix Produced The Testing Directory And The Supplemental Laptop As Soon As Practicable After Oracle's Request ........................................ 9

    D.   Oracle's Copyright Infringement Expert Report Relies Almost Exclusively on ██████████████████, and Oracle's Damages Expert Report ██████████ ██████████████████████████████ .............................. 10

    E.   Oracle's Conjecture and Speculation Do Not Establish Cross-Use ..................... 11

        1.   The Testing Directory Does Not Support Oracle's Claims of Cross-Use ............................................................................ 11

            a.   █████████ .............................................. 12

            b.   ████████ .................................................. 13

        2.   The Supplemental Laptop Does Not Support Oracle's Claims of Cross-Use ............................................................................ 13

III. ARGUMENT ............................................................................................ 14

    A.   The Law Does Not Support The Severe Sanctions That Oracle Seeks ................. 14

    B.   Oracle Cannot Meet Its Burden Of Proving That The Severe Sanctions It Seeks Are Justified In This Case ........................................................ 16

        1.   Terix's Inadvertent Error In Identifying A Small Amount Of Files—In Spite Of Its Reasonable Efforts To Comply With The Massive, Costly Discovery Demands Of This Case—Do Not Justify The Case-Dispositive Sanctions It Seeks ................................ 17

        2.   Oracle Has Not Suffered Any Prejudice That Could Justify The Potentially Case-Dispositive Sanctions It Seeks ....................... 18

        3.   The Sanctions Oracle Seeks Are Tantamount To Terminating Sanctions ............................................................................... 19

            a.   The "Concealment Of Evidence Of Liability" Jury Instruction That Oracle Requests Is Unfair And Highly Prejudicial ............................................................. 20

            b.   The Adverse Inference Jury Instructions That Oracle Demands Are Also Unfair And Highly Prejudicial ............... 21

            c.   The Factual Findings Requested By Oracle Are Also Unfair And Highly Prejudicial ........................................... 21

            d.   Finally, The Legal Findings That Oracle Demands Are Also Extremely Unfair and Prejudicial ............................... 22

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

- i -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS

5:13-CV-03385-PSG

**<u>TABLE OF CONTENTS</u>**
**(continued)**

| | | Page |
|---|---|---|

C.    Oracle's Motion For Sanctions Is Untimely And Fails To Follow The Required Format; It Should Be Denied For That Reason Alone ........................ 23

     1.    The Court Has Ordered—At Oracle's Request And The Agreement Of The Other Parties—That Discovery Disputes Must be Submitted In Letter Brief Form Prior to the Deadline for Submitting Such Disputes ................................................................................................ 23

     2.    Oracle Failed To Follow The Letter Briefing Procedure And Failed To Bring Its Motion Within The Deadline Ordered By The Court .......... 24

D.    Awarding Expenses Is Not Appropriate In This Case And, In Any Event, The Attorneys Fees And Costs That Oracle Demands Are Excessive And Unreasonable ...................................................................................................... 24

IV.    CONCLUSION ............................................................................................ 25

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

- ii -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS
5:13-CV-03385-PSG

## TABLE OF AUTHORITIES

**Page**

### CASES

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir. 1990).............................................. 19

*Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132 (N.D. Cal. 2012) ............................. 16

*Brandt v. Vulcan, Inc.*, 30 F. 3d 752 (7th Cir. 1994) ............................................................... 15

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ...................................................................... 15

*Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162 (S.D.N.Y. 2004)......................... 15

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) .......................................................................... 17

*Hamilton v. Signature Flight Support Corp.*, No. C 05-0490 CW (MEJ), 2005 WL
     3481423 (N.D. Cal. Dec. 20, 2005) ................................................................................... 18

*In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114 (S.D.N.Y. 2007) ................. 19

*Keithley v. Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 4830752
     (N.D. Cal. Nov. 6, 2008)................................................................................................... 19

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006).............................................................. 18

*Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 3:10-cv-02665, 2012 U.S. Dist.
     LEXIS 63974 (N.D. Cal. May 7, 2012) .............................................................................. 18

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) ................. 16

*Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665 MHP, 2005 WL
     1513099 (N.D. Cal. June 27, 2005) .................................................................................... 20

*Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665, 2005 WL 1513099
     (N.D. Cal. June 27, 2005) .................................................................................................. 18

*Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604 (C.D. Cal. 2013) .................................. 15, 17

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)...................... 16

*Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598 (S.D. Tex. 2010) ................. 20

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)............................................................. 15

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir.
     1992) ............................................................................................................................... 15

*United States v. Kahaluu Const. Co., Inc.*, 857 F.2d 600 (9th Cir. 1992) ................................. 18

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2011) ......................... 16

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003)........................................... 19

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)........................................... 16

### STATUTES

Federal Rule of Civil Procedure 37.............................................................................. 15, 23, 24

Federal Rule of Civil Procedure 37(a)(5)(A) .......................................................................... 25

Hopkins & Carley
Attorneys At Law
San Jose

- iii -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                                5:13-CV-03385-PSG

1    **I.      INTRODUCTION**

2          While Oracle America, Inc. and Oracle International Corporation's ("Oracle") fire and

3    brimstone arguments are filled with vehemence and righteous indignation, they are

4    embarrassingly bereft of substance.  The Court should deny Oracle's Motion for Sanctions

5    ("Motion") - especially when viewing the evidence in total as opposed to simply relying on

6    Oracle's unsupported assertions and truncated snippets of testimony carefully manipulated to fit

7    Oracle's conclusions.  Oracle's "evidence" set forth in the Motion is taken so out of context that

8    one wonders whether this Motion was hastily drafted and filed in order to minimize the impact of

9    Terix's own sanctions motion (Dkt. No. 522).  Unlike Oracle, Terix timely served and styled its

10   discovery motion relating to Oracle's intentional destruction of SunSolve in 2011 and improper

11   refusal to allow Terix Defendants access to MyOracleSupport as a discovery letter brief pursuant

12   to Court order.

13         Through the Motion, Oracle seeks to impose what amounts to terminating sanctions

14   against Defendants Terix Computer Company, Inc., ("Terix"), Sevanna Financial, Inc., and West

15   Coast Computer Exchange, Inc. ("WEX") (collectively, "Terix Defendants")[1] for "withholding,

16   concealment, and untimely production of highly relevant materials".  Oracle contends that these

17   extreme sanctions are warranted because (1) Terix's witnesses allegedly lied about the existence

18   of two sources of data; and (2) that those two sources prove what Oracle calls "cross use".  Both

19   of those contentions are demonstrably false.  Instead of submitting evidence in support of its

20   position, Oracle resorts to over-the-top rhetoric and gross mischaracterizations of the testimony of

21   Terix and its personnel.  Oracle's contentions are, at best, irresponsible given the liberties taken

22   with the testimony.  Oracle also radically overstates the importance of two relatively

23   ───────────────────

24   [1] The evidence supporting this Opposition is set forth in the Declarations of Jennifer S. Coleman
     ("Coleman Decl."), Chad Stonebrook ("Stonebrook Decl."), Larry Lieb ("Lieb Decl.), Aaron
25   Jacko ("Jacko Decl.") and Jason Joyce ("Joyce Decl.").  Evidence further supporting this
     Opposition is set forth in Defendants' Joint Opposition to Oracle's Motion for Partial Summary
26   Judgment filed on February 13, 2014 (Dkt. No. 505) ("Opposition to MPSJ") and Bernd
     Appleby's Declaration filed in support of the Opposition to MPSJ on February 13, 2015 (Dkt. No.
27   507) ("Appleby Decl. ISO Opposition MPSJ.").  Deposition testimony is cited as "Deponent
     Page:Line; Date."  To the extent Terix cites to the Declaration of Nargues M. Elder filed in
28   support of the Motion, it will be cited as "ED, Ex.__."  Terix's most recent discovery responses
     are cited as "TIR".

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE • PALO ALTO
BURBANK

626\1198181.12                                                        - 1 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                    5:13-CV-03385-PSG

1   inconsequential pieces of data that Terix recently produced: i) a Testing Directory located on

2   Terix's FTP server ("Testing Directory"); and ii) a supplemental laptop used on a daily basis by

3   Jason Joyce, an employee of Terix, for a short period of time pre-litigation ("Supplemental

4   Laptop").

5          Despite the fact virtually all of the relevant information on the Testing Directory and

6   Supplemental Laptop has either already been collected, processed and produced or was known to

7   Oracle for some time, Oracle makes the fantastical leap that all Terix personnel intentionally lied

8   about the existence of a "Solaris repository" and that the mere fact of the information's existence

9   alone establishes not only copying, but also "cross-use."  For example, Oracle has been aware of

10  the data in the Testing Directory since well before August 4, 2014 – the date that Oracle served its

11  responses to Terix's Second Set of Interrogatories wherein it identified all alleged improper Terix

12  downloads (including the patches at issue in this Motion) it was aware of as of that date.  What

13  Oracle is so desperately missing is any admissible evidence that shows the content or existence of

14  the data in question that would prove its point.

15         Over the course of this case, the Terix Defendants have undergone tremendous efforts to

16  comply with Oracle's voluminous, overbroad and burdensome discovery requests - at a cost of

17  over $940,000 – not to mention responding to voluminous written discovery and sitting for

18  dozens of depositions.  Despite their diligent and good faith efforts throughout this complicated

19  and costly discovery process, the Terix Defendants inadvertently overlooked the Testing

20  Directory containing a total of 10 Solaris patch and firmware files and the Supplemental Laptop

21  that one of its employees stopped using on daily basis in early 2013.

22         Oracle characterizes this oversight as a conspiracy to hide the proverbial smoking gun in

23  this case.  Unfortunately for Oracle, there is no smoking gun.  Oracle is not alleging damages

24  based on a patch by patch download basis.  Oracle's expert damages report confirms that ▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In addition, given the fact that

28  almost all of the information provided to Oracle's copyright expert for his report was ▮▮▮▮▮▮

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto
Burbank

626\1198181.12                                              - 2 -
DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                      5:13-CV-03385-PSG

1    ▮▮▮▮  Oracle cannot argue that the non-production of the Testing Directory or Supplemental

2    Laptop impacted expert reports or will impact expert discovery.  Based on these expert reports, it

3    is undisputed that the role that the volume of patches downloaded by the Terix Defendants plays

4    in this case is largely overstated by Oracle.  It is also clear that the Motion is merely another

5    attempt by Oracle to color this Court's view of the Terix Defendants, bolster its rather weak and

6    disorganized motion for summary judgment on the license issues and/or gain additional positive

7    press through the various publications such as IP Law 360 that cover these types of sensational

8    motions.[2]

9         Oracle also argues that this case is about "Defendants' deliberate, pervasive downloading,

10   copying and distribution of Oracle's copyrighted software, specifically Solaris and firmware

11   patches, bug fixes and updates…"  Again, despite the fact that the volume of patches or updates

12   downloaded by Terix Defendants are largely irrelevant to damages in this case, through this

13   argument, Oracle also exaggerates the importance of provision of patches and updates to Terix's

14   customers.  Terix's support services relating to Sun/Oracle hardware and software have been on

15   the decline for the past several years – likely attributable to Oracle's anticompetitive behavior and

16   the movement of customers away from UNIX to Linux and other alternatives.   For example, in

17   2008 technical support relating to Sun/Oracle hardware and software was approximately ▮▮ of

18   Terix's technical support business.[3]  Today, however, only approximately ▮▮ of Terix's

19   technical support business relates to Sun/Oracle related products.[4]  In providing support services

20   to customers relating to Sun/Oracle products, Terix occasionally obtains patches or updates and

21   provides those patches or updates to the customer as its agent.  The provision of patches and

22   updates is less than ▮▮ of Terix's overall business.[5]  While Oracle would like this Court to

23   believe that all Terix does is supply Sun/Oracle patches and updates to all of its customers

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Coleman Decl., ¶3, Exh. A.
[3] Coleman Decl., ¶19, Exh. N (Appleby  201:4-19; December 22, 2014).
[4] *Id.*
[5] Coleman Decl., ¶19, Exh. N (Appleby  43:6-16; December 22, 2014).

1   ████████████████████████████████████████████████ this is simply not the

2   case.

3         In sum, Oracle's Motion must fail for several reasons.  This is not a summary judgment

4   motion on copyright infringement– this is a terminating sanctions motion brought by Oracle

5   based upon the unsubstantiated contention that the contents of the Testing Directory and the

6   Supplemental Laptop show cross-use and perjury.  No evidence supports this finding.  Oracle has

7   not established (rather merely speculated) that any "Solaris patches downloaded into a generic

8   repository, using one customer's MOS credentials, would invariably be distributed from it to

9   other customers."  Motion, page 5, lines 12-13.  These sweeping generalizations, without more,

10   demand that the Motion fail.  This case-dispositive Motion and the sanctions sought therein are

11   completely absurd and unjustified and Oracle cannot meet its heavy burden of proving otherwise.

12   The Terix Defendants have acted in good faith in their exceedingly diligent and reasonable efforts

13   to comply with the massive and costly discovery demands of this case.

14         Finally, the Court should not award sanctions to Oracle for bringing an unfounded Motion

15   based largely on conjecture and supposition instead of admissible evidence.  Nor, as a matter of

16   basic notice and due process, should Oracle be permitted to refine its Motion on reply - as it chose

17   to file its Motion without any evidentiary support.

18   **II.   FACTS**

19         First and foremost, Oracle's Motion contains various requests for relief and legal theories

20   that Oracle treats as interchangeable.  While the gist of Oracle's requested relief is clear – it will

21   do and say whatever is necessary to ensure Terix is seen in the least favorable light by this Court

22   and the public - the way in which Oracle argues for the relief requested is jumbled and confusing.

23   As such, Terix Defendants will do their best to address Oracle's arguments in a linear and orderly

24   fashion.  Second, through its Facts Section, Oracle again uses motion practice as an opportunity

25   to advise the Court how it believes Terix implements an illicit business model and schemes to

26   conceal it, how Terix's business practices are in violation of Oracle's licenses, and how in general

27   Terix and its employees are bad actors and should be punished.  While Terix Defendants disagree

28   with these misrepresentations, they will not address these personalized attacks unless directly

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                                      - 4 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                    5:13-CV-03385-PSG

related to the Motion.  Finally, attached to the Coleman Decl. as Exh. M is a table that sets forth

Oracle's gross mischaracterizations of the deposition testimony it cites to in the Motion.

### A.    Terix's Sun/Oracle Customers

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████.[6]  ████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Most customers that have participated in the Clearvision process have chosen to contract

with Terix for services.[7]  These facts highlight at least the following:  ████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████

In the event that Terix needs to obtain a patch, upgrade, or bug-fix for one of its

customers, it does so as the customer's authorized agent and pursuant to the customer's rights to

that data[8].  This has included accessing the My Oracle Support website ("MOS") on behalf of the

customer as its agent and using the customer's validly-issued login credentials to do so.  ED Exh.

15 (TIR, Response to Interrogatory No. 5, 27:17-22).

### B.    Terix's Extensive Discovery Efforts In This Case

Since Oracle filed this lawsuit against Terix in July of 2013 (Dkt. No. 1), Terix, and

subsequently WEX and Sevanna, have been forced to endure extensive and burdensome

---

[6] Opposition to MPSJ, page 11, lines 19-21 citing to PD Ex. 22.

[7] Appleby Decl. ISO Opposition MPSJ, ¶¶ 3, 4.

[8] Terix provides Sun/Oracle hardware and software support for approximately ██ customers.  Of those ██ customers, Terix has downloaded patches for approximately ██ of those customers. ED Exh. 15 (TIR, Response to Interrogatory No. 1, page 5:21 through page 9:3).

Hopkins & Carley
Attorneys At Law
San Jose ♦Palo Alto
Burbank

626\1198181.12                                             - 5 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS

5:13-CV-03385-PSG

1  discovery.  Collectively, they have identified collected, preserved and processed documents and

2  data from twenty six different custodians, produced over 13.6 million pages of documents and

3  several external drives.  Coleman Decl., ¶5.  Oracle has also subjected the Terix Defendants to

4  117 document requests, 81 interrogatories, 111 requests for admission, and dozens of depositions.

5  Coleman Decl., ¶4.   In addition, the Terix Defendants' electronic discovery costs have exceeded

6  ███████, which does not include additional costs of associated legal fees nor the time spent by

7  the Terix Defendants' staff on these discovery efforts.  Coleman Decl., ¶6.

8       During this costly, complicated, and difficult process,[9]  Terix omitted two data sources of

9  largely cumulative and tangentially relevant data from the production protocol that are the subject

10 of Oracle's Motion: (1) the Testing Directory; and (2) the Supplemental Laptop.  Through meet

11 and confer correspondence on February 4, 2015 ("February 4th Correspondence"), in support of

12 the various terminating sanctions Oracle advised it would be seeking, Oracle stated that:

> Oracle requests a **meet and confer tomorrow related to the
> "patching" laptop and generic Solaris repository** that were the
> subject of Mr. Joyce's January 15 [sic] deposition and the emails
> below.  These materials are responsive to Oracle's RFPs served
> more than a year ago.  **Terix's executives and other witnesses
> consistently denied both their existence and the conduct, cross-
> use of Solaris credentials and patches, that Joyce finally
> admitted they were used for.**

17 Coleman Decl., ¶8, Exh. B (Emphasis added).

18      Contrary to the tenor of the February 4th Correspondence, and ultimately the Motion,

19 neither the Testing Directory nor the Supplemental Laptop "prove" cross-use - or are large,

20 general-purpose repositories of Solaris patches.  In addition, these data sources are largely

21 duplicative of data previously produced in this case.  As set forth below, there is no evidentiary

22 support for Oracle's allegation that the contents of the Testing Directory or the Supplemental

23 Laptop prove cross-use.

---

[9] Oracle is well aware that, in a case of this scale, identifying all sources of potentially responsive electronic data, preserving them, filtering out the non-responsive portions, processing the remaining files for review, reviewing them, and processing them for production is a very complicated and time-consuming process.  In fact, Oracle was apparently unable to produce over 704,000 of the approximately 977,000 pages of documents it ultimately produced in this case until almost the close of fact discovery, December of 2014 and January of 2015.  Coleman Decl., ¶7.

1    **1.      The Testing Directory**

2        Based on a review of the files contained in the Testing Directory, the only potentially

3    relevant and responsive documents relating to patch downloads and cross-use contained thereon

4    are 10 Solaris patch and firmware files.  Joyce Decl., ¶2.  Oracle knew, prior to August 4, 2014,

5    that the Terix Defendants downloaded these Solaris patch and firmware files.  On August 4, 2014,

6    Oracle responded to Terix's Second Set of Interrogatories.  Terix's Interrogatory No. 12

7    specifically requested that Oracle identify all software and firmware Oracle contended Terix

8    improperly downloaded or otherwise obtained.  Coleman Decl., Exh. J.  In response to

9    Interrogatory No. 12, Oracle stated ███████████████████████████████████████

10   ████████████████████████████████████████████████████████████████

11   ███████████████████████████████████████████████████████████

12   ███████████████████████████████████  Coleman Decl., Exhs. K-L.

13       Based on the Terix Defendants' analysis of the 10 Solaris patch and firmware files

14   contained in the Testing Directory, it has been confirmed that the 10 Solaris patch and firmware

15   files contained therein are also included on the Oracle Excel file entitled "Terix-

16   Chron_2014_07_25.xlsx."  Joyce Decl., ¶2.

17

18

19

20

21

22

23

24

25

26

27

28

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto
Burbank

626\1198181.12

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                                  5:13-CV-03385-PSG

1   Based upon the forgoing, Oracle was aware that the Terix Defendants downloaded these

2   Solaris patch and firmware files and as such cannot be prejudiced – or feign indignation - by their

3   recent production.

4              **2.      The Supplemental Laptop**

5   Jason Joyce began using the Supplemental Laptop in late 2011 to supplement his work on

6   his primary Terix laptop.  Mr. Joyce's primary laptop was occasionally too slow, and having a

7   second laptop allowed him to work more efficiently by multi-tasking, such as by performing

8   time-intensive processes on one computer while working on the other.   Coleman Decl., Exh. O

9   (Joyce 492:8-11; January 13, 2015).  Mr. Joyce stopped using the Supplemental Laptop on a daily

10  basis in April or May of 2013, when he obtained a new, faster laptop from Terix.  Coleman Decl.,

11  Exh. O (Joyce 493:9 through 494-1; January 13, 2015).

12  Upon inspection, it has been confirmed that all documents related to Solaris patching on

13  the Supplemental Laptop are contained within a folder called "TERiX_SW_Support."  Joyce

14  Decl., ¶5.  This same folder exists on Mr. Joyce's current Terix laptop (the "Current Laptop").[10]

15  Lieb Decl., ¶11.  Mr. Joyce backs up the TERiX_SW_Support folder from his Current Laptop to

16  a Terix server.  Joyce Decl., ¶5.  The SyncBack software on the Supplemental Laptop also

17  "syncs" the TERiX_SW_Support folder on the Supplemental Laptop with the version on the

18  server, thereby ensuring that the contents of the Supplemental Laptop and the Current Laptop are

19  the same. [11] Lieb Decl., ¶¶12-13; Joyce Decl., ¶5.

20  In January of 2014, various files and folders on the Current Laptop, including the

21  TERiX_SW_Support folder, were collected as part of Terix's discovery efforts in this case.

22  Stonebrook Decl., ¶2.  Over the course of this litigation, Terix produced the contents of those files

23  and folders, after applying search terms relating to the claims and defenses in this case and

24

25  ───────────────

26  **10** Subsequent to the receipt of Mr. Joyce's new, faster laptop in April or May of 2013, Terix
    upgraded his equipment and transferred the entire hard drive as it existed at that time from the
    new, faster laptop to his Current Laptop.  Joyce Decl., ¶¶3-4.

27  **11** Periodically Mr. Joyce would boot up the Supplemental Laptop in order to sync it with the
    SyncBack software described in this section.  Mr. Joyce may have also used the Supplemental

28  Laptop intermittently for work related tasks.   Joyce Decl., ¶6.

Hopkins & Carley
Attorneys At Law
San Jose ♦Palo Alto
Burbank

626\1198181.12                                                    - 8 -
DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                           5:13-CV-03385-PSG

1  filtering out non-responsive materials,[12] pursuant to the format and protocols agreed to by the

2  parties to this case.  Stonebrook Decl., ¶2.  After a comparison of the data contained on the

3  TERiX_SW_Support folder of Supplemental Laptop and the Current Laptop, it has been

4  confirmed that there are 276 files on the Supplemental Laptop ("Unique Supplemental Laptop

5  Files") that were not contained on the Current Laptop.[13]  Of those Unique Supplemental Laptop

6  Files: i) 121 were produced prior to January 9, 2015; ii) another 75 documents were collected

7  from sources other than the Current Laptop prior to January 9, 2015, but not produced,

8  presumably because they were deemed non-responsive or privileged;[14] iii) 76 of the documents

9  were not collected prior to January 9, 2015, but have been collected and produced from the

10  Supplemental Laptop since that time;[15] and iv) 4 of the documents are not located on the

11  Relativity database.  Jacko Decl., ¶¶5-7, Exhs. 2, 3, 4 and 5.

12
13
    **C.**    **Terix Produced The Testing Directory And The Supplemental Laptop As Soon As Practicable After Oracle's Request**

14         Jason Joyce was deposed on January 13, 2015.  On January 20, 2015, Oracle requested the

15  production of the Testing Directory and the Supplemental Laptop.  Coleman Decl., Exh. C.  Terix

16  responded on January 26, 2015, agreeing to produce these items.  Coleman Decl., Exh. C.  In an

17  effort to ensure it complied with its discovery obligations, Terix agreed to produce forensic copies

18  of the Testing Directory and the Supplemental Laptop, even though the parties had agreed to

19  other, much less intrusive formats for production.  Coleman Decl., ¶10.

20

21  [12] There were several sets of search terms applied to the Current Laptop.  First, given the fact that Jason Joyce was identified as a custodian, custodian search terms agreed upon by Oracle and Terix on April 25, 2014 were run on the data contained on the Current Laptop.  In addition, Terix

22  iteratively ran additional search terms on the data contained on the Current Laptop based on discovery served by Oracle.  Lastly, Terix ran additional searches on the data contained on the

23  Current Laptop with respect to the various claims and defenses in this case.  Stonebrook Decl., ¶3.

24  [13] Lieb Decl., ¶¶14-16, Exh. 3.
[14] Given the fact these documents were not produced, Terix Defendants believe they were not

25  relevant or responsive to the case given the search terms applied to the complete Terix data set did not hit on these particular documents.

26  [15] Of these documents, 28 were created after January of 2014, the date that I understand the Current Laptop was collected.  Some of these documents are also file types that were likely not

27  included in the list of file types that the parties agreed to produce (.xref, for example).  Others are .zip or .tar archive files, which likely would have been processed by keeping the contents of the

28  archive files, but ignoring the archive container itself.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12         - 9 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS        5:13-CV-03385-PSG

After collection, preservation and processing, Terix produced the Testing Directory on January 30, 2015 and the Supplemental Laptop on February 3, 2015.  Coleman Decl., ¶ 11, Exhs.D and E.  Oracle took issue with the format of these productions, as they were not forensic images of the data.[16]  Coleman Decl., ¶12, Exh. F.  After various processing errors by Terix's electronic discovery vendor, Terix ultimately produced forensic images of both the Supplemental Laptop and the Testing Directory in the formats requested by Oracle on February 9, 2015 and March 3, 2015 respectively. Coleman Decl., ¶13, Exhs. G and H.

Terix sent correspondence to Oracle on March 5, 2015 advising that because a forensic image of the Supplemental Laptop was produced, it may contain attorney-client privilege or work product information, and that Oracle was to notify Terix Defendants' counsel immediately if it discovered any materials it believed to be subject to either the attorney-client privilege or the work product doctrine.  Coleman Decl., ¶14, Exh. I.

As currently scheduled, the deadline for filing a case dispositive motion in this matter is nearly three months away on June 5, 2015.  Order Modifying Case Schedule, Dkt. 466, 2:18-19 (Jan. 26, 2015).  Trial is currently scheduled for August 3, 2015, nearly five months away.  Order on Discovery Disputes, Dkt. 345, p. 1:26-27 (Sept. 29, 2014).

**D.      Oracle's Copyright Infringement Expert Report Relies Almost Exclusively on ███████, and Oracle's Damages Expert Report Does Not ███████**

Oracle argues through the Motion that it and its experts have been unable to: i) review the "highly inculpatory evidence" at issue; ii) take further discovery related to it; or iii) analyze it for its expert reports.  Motion, page 4, lines 3-4.  Oracle further argues that the delay in production of the Testing Directory and the Supplemental Laptop three weeks after the discovery cut-off and five weeks before expert reports are due was manifestly unreasonable so prejudice is presumed.  Motion, page 13, lines 6-9.  Based upon a review of Oracle's expert reports, these arguments lack merit and a basis for which to grant the relief requested in the Motion.

---

[16] In addition to the prior production of almost all of the Unique Supplemental Laptop Files through other data sources, Terix Defendants have confirmed that all but 4 of the Unique Supplemental Laptop files were also produced on February 3, 2015 to Oracle pursuant to prior agreed upon production protocol. Jacko Decl., ¶7, Exhs. 2, 3, 4 and 5.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

626\1198181.12                                                        - 10 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                    5:13-CV-03385-PSG

1    Oracle's technical expert, Dr. Benjamin Goldberg, opined on copyrightability.  Dr.

2    Goldberg: ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████ Coleman Decl., Ex. R at ¶7.

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████ *Id* at Ex.

8    B. ███████████████████████████████████████████████████████████

9    ███████████████████████████████████████████████ *Id* at ¶¶

10   19-20.  Dr. Goldberg's opinions did not exclusively rely on any materials produced by

11   Defendants in this case and Dr. Goldberg's analysis did not rely on any alleged cross-use of

12   patches.

13      Oracle's computer forensic expert, Christian Hicks, also primarily relied on ██████

14   ████████████████████████████████████.  Tellingly, while he

15   had access to the Supplemental Laptop and Testing Directory forensic images, he did not offer

16   any opinions on the materiality or relevance of any information on those sources.

17      Oracle's damages expert, James E. Pampinella, opined on damages ████████

18   ████████████████████████████████████████████████████████████████

19   ██████████████████████████████████ Coleman Decl., Ex. T  at ¶

20   33. ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ███████████████████████ *Id* at ¶ 43.  None of Mr. Pampinella's opinions relied on any alleged

23   cross-use of patches downloaded by Defendants.

24      **E.     Oracle's Conjecture and Speculation Do Not Establish Cross-Use**

25           **1.     The Testing Directory Does Not Support Oracle's Claims of Cross-Use**

26      The mere existence of the Testing Directory does not establish widespread "cross-use" of

27   Solaris patches (i.e., using patches obtained with one customer's MOS credentials for another

28   customer), as Oracle incorrectly implies.  Motion, page 2:13-3:3.  Again, Oracle convolutes fact

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

626\1198181.12                                    - 11 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                          5:13-CV-03385-PSG

1   with fantasy.  In reviewing Jason Joyce's deposition testimony relating to the Testing Directory, it

2   is clear that: ████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████████

5   ██████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ██████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ████████.[17]  Coleman Decl., Exh. O (Joyce 520:21-524:4).

13      In support of the Motion, Oracle tangentially attempts to show widespread cross-use based

14  on █ customer examples discussed in Jason Joyce's deposition – ████████████████████.  As

15  shown below, these customer examples – █ out of approximately █ customers that have received

16  patches or updates from Terix – are taken out of context and do not definitively support Oracle's

17  allegations of cross-use.

18      **a.**  ██████████████

19      ████████████████████████ is an access customer of Terix.  ED Exh. 15 (TIR 5:21 and

20  9:20-21).  This means that ████████ is a customer for which Terix has accessed the MOS website

21  and downloaded Solaris patches or updates using an MOS credential since January 1, 2010.  ED

22  Exh. 15 (TIR 3:12-14).  As indicated above, in the event that Terix needs to obtain a patch for one

23  of its customers, it does so as the customer's authorized agent and pursuant to the customer's

24  rights to that data using the customer's validly-issued login credentials to do so.

25      While Terix acknowledges that Exhibit 427 indicates that ████████ may have received the

26  "9_Recommended.zip" patch file from the Testing Directory on May 24, 2013, Terix strongly

27  ─────────────────────

28  [17] The public availability of the 10 subject patches and updates is relevant because Oracle admitted that its claims do not extend to any public patches provided before 2010.  Oracle MPSJ, at fn. 4.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

626\1198181.12                                                    - 12 -
DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                  5:13-CV-03385-PSG

1   suspects that this entry is either in error, or that the initial delivery of the "9_Recommended.zip"

2   patch file failed - which then required Terix to re-send the "9_Recommended.zip" patch file to

3   ████████. Joyce Decl., ¶7. This suspicion is based on the fact that further investigation has

4   revealed that ████████ had valid a MOS credential that was used by Terix to obtain this exact

5   patch file three days earlier - on May 21, 2013. Joyce Decl., ¶8 Coleman Decl. ¶17, Exh. L

6   (Terix-Chron_2014_07_25.xlsx., ████████; Aug. 4, 2014). Based upon these facts, Oracle

7   cannot establish widespread cross-use based upon this particular instance.

8   **b.   ████████████**

9   The ████████ is also an access customer of Terix. ED Exh. 15 (TIR 5:21 and 8:27).

10  This means that Terix has provided patches to ████████ using its validly-issued login credentials

11  to download that data. Terix is still investigating whether the ████████ actually received █ patch

12  files from a credential other than its own MOS credential as alleged by Oracle in Mr. Joyce's

13  deposition, or whether there was an error on Exhibit 427 - much like the error contained therein

14  regarding ████████. Joyce Decl., ¶9.

15  Even if it is discovered that Terix provided these █ discrete patch files to the ████████

16  with an MOS credential other than the ████████ credential – Oracle cannot argue that these █

17  discrete instances establish widespread cross-use across Terix's entire access customer base. The

18  ████████ represents only █ of █ access customers for whom Terix has downloaded Solaris

19  patches. As explained above, Terix maintains a regular business practice of obtaining Solaris

20  patches for a customer using that customer's credentials and this single incident does not disprove

21  that practice. For these reasons, Oracle has not shown—and cannot show—the widespread cross-

22  use necessary to support is demand for sanctions.

23  **2.   The Supplemental Laptop Does Not Support Oracle's Claims of Cross-
24      Use**

25  The same is true with respect to the Supplemental Laptop – its mere existence alone does

26  not does not establish widespread "cross-use" of Solaris patches. Jason Joyce's deposition

27  testimony relating to the Supplemental Laptop is telling. Mr. Joyce was clear that: ████████

28  ████████████████████████████████████████████████████

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

626\1198181.12                                                    - 13 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                5:13-CV-03385-PSG

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████.  Coleman

Decl., Exh. O (Joyce 491:10-494:1).  There is no evidence in the record, nor can Oracle point to

any, that would support Oracle's radical conclusion that the contents of the Supplemental Laptop,

had it been previously produced, would establish cross-use and therefore justify the relief sought

through the Motion.   Nor does Jason Joyce's testimony establish that Terix intentionally lied

about the existence of a Solaris patch repository or Terix's alleged cross-use of patches.  Contrary

to Oracle's claims, the Testing Directory is not a Solaris patch repository.

Similarly, the fact that Terix deponents Bernd Appleby, Atul Dhall, Larry Quinn, Steve

Huang, and James Olding testified that they were not aware of a generic Solaris patch repository

at Terix does not mean they committed perjury.  Notably, none of these individuals are involved

in the day-to-day technical support of Terix customers, nor do any of them directly provide

patches to Terix customers – facts conveniently omitted from Oracle's Motion.  There is

absolutely no admissible evidence in the record establishing that Messers. Appleby, Dhall, Quinn,

Huang or Olding intentionally misrepresented – or to use Oracle's word "lied" – about their

knowledge relating to the existence of any Solaris repository.   Further, Oracle cannot be

prejudiced by the fact that witnesses recollections are different from each other, given it has the

opportunity to cross-examine those witnesses at trial regarding any discrepancies it perceives.

## III.    ARGUMENT

Oracle cannot meet its burden of establishing that it is entitled to the severe, likely case-

dispositive sanctions that it seeks because: (1) Terix did not act in bad faith; and (2) Oracle has

not suffered any prejudice.  Oracle is also not entitled to an award of its attorneys' fees and costs.

Lastly, Oracle failed to bring its Motion within the deadline for moving on discovery disputes and

failed to use the letter briefing procedure.  For these reasons, the Motion should be denied.

### A.    The Law Does Not Support The Severe Sanctions That Oracle Seeks

Oracle improperly infers nefarious intent or bad faith from an ordinary discovery error.

As one court has noted:

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                          - 14 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                    5:13-CV-03385-PSG

> The rules of discovery do not demand perfection, clairvoyance, or miracle workings in the production of documents. Crying foul and casting aspersions whenever there's a hole in defendants' document productions or whenever some small number of documents (even crucial documents) are found relatively late in the process does not advance plaintiffs' cause and is not conducive to the timely, efficient resolution of this litigation. A party may comply in good faith with its discovery obligations and yet there may be supplemental productions or even additional responsive documents that were inadvertently omitted. Such supplemental productions or responses do not necessarily equate to discovery misconduct."

*Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614-15 (C.D. Cal. 2013).

Oracle seeks severe sanctions under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power. Sanctions under Rule 37 generally should not be imposed absent "some form of court order that has been disobeyed." *See* Fed. R. Civ. P. 37 (authorizing adverse factual findings, adverse inferences, and preclusion of evidence only for failure to obey a discovery order); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); *Brandt v. Vulcan, Inc.*, 30 F. 3d 752, 756 (7th Cir. 1994) (holding that Rule 37 sanctions were appropriate "if, and only if," the party to be sanctioned violated a discovery order). No order has been violated in this case. Oracle does not contend otherwise, nor does it attempt to identify any exception to the prerequisite of a disobeyed order for the severe sanctions it seeks. Accordingly, Oracle is not entitled to sanctions under Rule 37.

Nor is Oracle entitled to sanctions under the Court's inherent power to impose discovery sanctions. This inherent power is "not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function". *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

Courts regularly reject requests for the type of sanctions Oracle seeks, or even lesser sanctions, on far more egregious facts than are alleged here. *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 169-70 (S.D.N.Y. 2004) (holding that full disclosure of previously unproduced documents would suffice as a remedy even when party had erroneously stated that

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

626\1198181.12                                                                - 15 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS                                              5:13-CV-03385-PSG

the documents did not exist).[18]

The cases that Oracle cites to further support the extensive case law establishing that the severe remedies Oracle seeks are appropriate only in cases where evidence has either been destroyed, or new evidence is sprung on the other side at, or just before, trial.  *See e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2011) (excluding testimony of damages expert as sanction for failing to provide his expert report until almost two years after close of discovery and 29 days before trial); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–107 (2d Cir. 2002) (found adverse inference instruction appropriate for failing to preserve a document requested in discovery or deliberately delaying production of the requested document until the eve of trial or at trial).[19]  Unlike the cases cited by Oracle, no evidence has been destroyed or intentionally withheld in this case.  Therefore, Oracle's requested sanctions are inappropriate and its Motion should be denied.

### B.  Oracle Cannot Meet Its Burden Of Proving That The Severe Sanctions It Seeks Are Justified In This Case

Oracle cannot show that (1) the Terix Defendants acted in bad faith, or (2) Oracle was prejudiced by the Terix Defendants' alleged shortcomings in discovery.  Thus, Oracle cannot meet its burden of establishing that it is entitled the extreme sanctions it seeks, all of which are tantamount to terminating sanctions.

---

[18] *See also Phoenix Four, Inc.*, No. 05 Civ. 4837(HB), 2006 WL 1409413, *4-5 (S.D. N.Y. May 23, 2006) (holding that a sanction as severe as an adverse inference was not warranted where defendants came forward with the evidence, even though it was after the close of discovery); *Williams v. Saint-Gobain Corp.*, No. 00-cv-0502E(Sc), 2002 WL 1477618 (W.D.N.Y. June 28, 2002) (holding that no basis for adverse inference instructions existed where defendant failed to produce emails until the eve of trial and there was no evidence of bad faith).

[19] *See also Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1151 (N.D. Cal. 2012) (granting in part Apple's motion for an adverse inference jury instruction based on Samsung's failure to preserve evidence); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) (affirming discovery sanction of dismissal where plaintiffs' interrogatory responses remained substantially unanswered despite numerous extensions, admonitions by the court, and broken promises by the plaintiffs); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (court sanctioned defendant by creating an adverse inference that emails defendant had willfully deleted, in violation of a discovery order, were harmful to the defendant's case).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                          - 16 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                          5:13-CV-03385-PSG

1   **1.   Terix's Inadvertent Error In Identifying A Small Amount Of Files—In
2   Spite Of Its Reasonable Efforts To Comply With The Massive, Costly
    Discovery Demands Of This Case—Do Not Justify The Case-
3   Dispositive Sanctions It Seeks**

4   In seeking sanctions under the Court's inherent powers, Oracle bears the heavy burden of

5   establishing conduct amounting to bad faith. *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir.

6   2001). At worst, this is a case of inadvertent mistake and Oracle has not, and cannot, meet its

7   burden to show bad faith.

8   The Terix Defendants' have engaged in tremendous efforts, at tremendous cost, to comply

9   with their discovery obligations in this case, including producing over 13.6 million pages of

10  documents. Given the sheer volume of discovery demanded by Oracle, overlooking 2 potential

11  sources of largely cumulative and tangentially relevant data was completely reasonable. Such a

12  result does not establish bad faith. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614-15

13  (C.D. Cal. 2013) ("The rules of discovery do not demand perfection, clairvoyance, or miracle

14  working in the production of documents…A party may comply in good faith with its discovery

15  obligations and yet there may be supplemental productions or even additional responsive

16  documents that were inadvertently omitted.").

17  In support of its request for relief, Oracle grossly mischaracterizes the deposition

18  testimony of Terix and its personnel. This testimony does not establish that the Terix Defendants

19  intentionally lied, or otherwise acted in bad faith, as Oracle wrongly claims. That Terix

20  principals or its employees were unaware of, or did not remember, the existence of Testing

21  Directory when asked about a Solaris patch repository at Terix is understandable, particularly

22  given: (1) the Testing Directory contains only 10 Solaris patch and firmware files; and (2) none of

23  these individuals are involved in the day-to-day technical support of Terix customers. That Mr.

24  Joyce forgot about his Supplemental Laptop for production is equally understandable, given that:

25  (1) he stopped using it on a daily basis in early 2013; (2) the Supplemental Laptop is iteratively

26  backed up onto Terix's server and synced with his Current Laptop; and (3) the relevant folders

27  contained in the Supplemental Laptop are also largely contained on the Current laptop, which was

28  turned over for review, processing and production.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                    - 17 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                      5:13-CV-03385-PSG

1    Further, contrary to Oracle's mischaracterizations, the Testing Directory and the

2    Supplemental Laptop are not smoking guns that Terix needs to hide.  Neither are large, general

3    purpose patch repositories that Terix would use as part of its regular business practice to supply

4    patches to customers.  Nor do these sources undermine Terix's entire licensing defense.  Rather,

5    the licensing defense still applies to all cases in which Terix used the customer's MOS credentials

6    to obtain patches for that customer as that customer's agent.[20]  For all of these reasons, Oracle

7    cannot meet its burden of establishing that the Terix Defendants acted in bad faith, an essential

8    prerequisite to obtaining the sanctions sought by this Motion.

9              **2.    Oracle Has Not Suffered Any Prejudice That Could Justify The
                       Potentially Case-Dispositive Sanctions It Seeks**

10

11    In determining whether to award sanctions based on the failure to produce evidence, the

12    Court considers the extent to which the moving party was prejudiced.  *See Hamilton v. Signature*

13    *Flight Support Corp.*, No. C 05-0490 CW (MEJ), 2005 WL 3481423, at *8 (N.D. Cal. Dec. 20,

14    2005) (finding spoliation but declining to impose adverse inference sanctions because of lack of

15    prejudice); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 3:10-cv-02665, 2012 U.S. Dist.

16    LEXIS 63974 (N.D. Cal. May 7, 2012) (holding that the Court should exclude evidence only

17    where there is a finding of prejudice to the nonoffending party.).  The prejudice inquiry looks to

18    whether the non-moving party's actions impaired the moving party's ability to go to trial or

19    threatened to interfere with the rightful decision of the case.  *See United States v. Kahaluu Const.*

20    *Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1992); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir.

21    2006) (applying this inquiry to a spoliation case).  Delayed production of documents is rarely

22    sufficient to meet this standard.  *Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665, 2005

23    WL 1513099, *9 (N.D. Cal. June 27, 2005) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

24

25    _____

25    [20] To the extent that Terix provided a patch to a customer prior to 2010 or to the extent that Terix
26    provided a patch to a customer that was publicly available, those actions would not constitute
      copyright infringement and Terix does not need to rely on its license defense in those instances.
27    In fact, Oracle's expert Mr. Hicks confirms that ███████████████████████████████████████

28    ██████████████████████████████████████████████████████████████████████  Coleman
      Decl., Exh. S (Hicks Report at p. 7).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                                    - 18 -
DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                          5:13-CV-03385-PSG

1412 (9th Cir. 1990).  One district court has explained the rationale for this approach as follows:

> **But where, as here, much of the evidence at issue was not destroyed but untimely produced, an assessment of relevance is possible**. In such cases, the negligent party should sustain liability for breaching its discovery obligations where such breach causes injury, **but the moving party should not obtain a windfall for uncovering evidence that would have made little difference in the underlying case**.

*In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007)(Emphasis added).

Oracle has not suffered any prejudice with respect to the recent production of the Supplemental Laptop, as Terix previously collected and produced the responsive contents from the Current Laptop and such data is largely duplicative.  Nor has Oracle suffered any meaningful prejudice because of Terix's recent production of the Testing Directory.  The mere existence of the Testing Directory does not undermine in any way Terix Defendants' licensing defense, as Oracle claims.  Rather, Terix's business practice was to obtain and use customer credentials to obtain patches on behalf of that customer as its agent.

Moreover, even if this were not the case, Oracle still has plenty of time to evaluate the Testing Directory and the Supplemental Laptop and to adjust its case accordingly, as the deadline for filing dispositive motions is still nearly three months away and trial is almost five months away.  Thus, Oracle has not suffered any prejudice that could justify the potentially case dispositive sanctions that it seeks through its Motion.

### 3.    The Sanctions Oracle Seeks Are Tantamount To Terminating Sanctions

As the Court observed in *Keithley v. Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 4830752, *2, (N.D. Cal. Nov. 6, 2008): "[a] court should narrowly tailor any sanctions award to the circumstances in a given case…the judge should take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms."  The Court has acknowledged that sanctions such as imposing adverse inferences and precluding evidence are very severe and may have the practical effect of deciding the case in one party's favor.  *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219 (S.D.N.Y. 2003) ("In practice, an adverse

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                        - 19 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS                                                                5:13-CV-03385-PSG

1   inference instruction often ends litigation—it is too difficult a hurdle for the spoliator to

2   overcome."); *Rimkus Consulting Grp., Inc. v. Cammarata,* 688 F.Supp.2d 598, 619 (S.D. Tex.

3   2010) (adverse inferences are "among the most severe sanctions a court can administer");

4   *Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665 MHP, 2005 WL 1513099, *3 (N.D.

5   Cal. June 27, 2005) ("…under certain circumstances, the imposition of preclusive sanctions may

6   be tantamount to dismissal of a plaintiff's claims or entry of default judgment against a

7   defendant.").

8        Accordingly, these sanctions should be reserved only for the most extreme situations.

9   Here, the sanctions Oracle demands are all but case-dispositive on their own, and even worse

10  when considered collectively.  They are highly unfair and prejudicial, and completely unjustified

11  by the circumstances at issue.  Thus, they should be rejected.

12            **a.       The "Concealment Of Evidence Of Liability" Jury Instruction
                          That Oracle Requests Is Unfair And Highly Prejudicial**
13

14        Among the sanctions that Oracle seeks, it demands a jury instruction establishing willful

15  infringement of Oracle's copyright software, breach of contract, common law fraud and computer

16  fraud.  Motion, Dkt. 498, pp. 8:17-9:5 (Feb. 10, 2015).  This instruction not only suggests, ***but***

17  ***actually requires***, that the jury find: (1) that the Terix Defendants wrongfully concealed relevant

18  evidence; and (2) that the Terix Defendants are willfully liable under Oracle's claims for

19  copyright infringement, breach of contract, common law fraud, and computer fraud.  This unfairly

20  ignores the Terix Defendants' other affirmative defenses, which could negate liability on one or

21  more of these claims.  *See, e.g.*, Terix's Amended Answer to Second Amended Complaint, Dkt.

22  359, pp. 16:25-40:17 (Nov. 21, 2014) (asserting eight affirmative defenses in addition to the

23  licensing defense).  Moreover, this instruction is extremely prejudicial and misleading, as it

24  unfairly characterizes liability like a light switch, i.e., that the Terix Defendants are either 100%

25  liable for Oracle's claims, or they are 100% not liable.  In truth, even if the existence of the

26  Testing Directory and the Supplemental Laptop did establish liability—which they do not—that

27  liability would only extend to instances where Oracle can establish cross-use, to the extent it is

28  even relevant, through admissible evidence.  It would not, as this instruction suggests, encompass

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO
BURBANK

626\1198181.12                                                        - 20 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                                    5:13-CV-03385-PSG

1   the Terix Defendants' business practices as a whole, which were developed by Terix to prevent

2   "wholesale" cross-use.  Thus, even if Oracle could establish that it was entitled to sanctions

3   against the Terix Defendants—which it cannot—this instruction would be completely unjustified.

4           **b.**        **The Adverse Inference Jury Instructions That Oracle Demands**

5                      **Are Also Unfair And Highly Prejudicial**

6         Additionally, Oracle demands the Court instruct that the jury may infer that any evidence

7   it alleges was concealed (i.e. the Testing Directory and the Supplemental Laptop) is probative of

8   the Terix Defendants' willful infringement, breach of contract, common law fraud and computer

9   fraud.  Similarly, Oracle asks the Court to instruct the jury that it should accept as true that the

10  Terix Defendants wrongfully concealed and failed to produce relevant evidence and that the jury

11  may infer that the evidence is probative of Oracle's claims against the Terix Defendants and

12  unhelpful to the Terix Defendants' affirmative defenses.  Oracle further asks the Court to instruct

13  the jury to consider the alleged concealment of evidence in their determination of what punitive

14  damages, if any, are appropriate.  Finally, Oracle asks the Court to instruct the jury that Mr.

15  Appleby, Mr. Dhall and Mr. Joyce gave false testimony and the jury may therefore choose not to

16  believe anything these witnesses said.  *See* Motion, Dkt. 498, pp. 9:6-10:10 (Feb. 10, 2015).

17        These instructions—which suggest that the jury should consider the Terix Defendants'

18  "established" wrongful concealment of evidence in evaluating the probative value of the

19  evidence, the appropriateness of punitive damages, and witness credibility—are also unfair and

20  extremely prejudicial.  These instructions are likely to cause the jury to decide this case not on the

21  merits, but solely based on Terix's inadvertent delay in producing two relativity minor pieces of

22  evidence which, as discussed above, resulted in no prejudice to Oracle.  Just because a witness is

23  not aware of or does not recall a particular fact  does not establish the willful deception necessary

24  to justify these types of instructions.  Thus, these instructions are also unfair and unjustified in

25  light of the record, Oracle's requests for sanctions should be denied.

26          **c.**        **The Factual Findings Requested By Oracle Are Also Unfair**

27                     **And Highly Prejudicial**

28        In addition to the jury instructions, Oracle requests that the Court render the following

factual findings as a sanction for the Terix Defendants' alleged misconduct: that in the ordinary course of business, the Terix Defendants unlawfully cross-used downloaded Solaris patches and login credentials to access My Oracle Support.  Motion, Dkt. 498, pp. 8:17-9:5 (Feb. 10, 2015).

These findings incorrectly indicate that cross-use was a standard and frequently-occurring practice of the Terix Defendants.  Oracle has simply not established that this is the case through *any* admissible evidence.  Thus, this sanction is also unfair, highly prejudicial and should not be granted.

> ### d.      Finally, The Legal Findings That Oracle Demands Are Also Extremely Unfair and Prejudicial

Finally, Oracle demands that the Court render the following legal findings as a sanction for the Terix Defendants' perceived misconduct: (1) Terix's, Sevanna's and WEX's sixth affirmative defenses do not apply to their cross-use of Oracle's credentials and copyrighted software; (2) concealed material is deemed authentic and admissible at trial if offered by Oracle for any purpose; and (3) Oracle may introduce evidence of Terix's evidence concealment, including false testimony, at trial.  Motion, Dkt. 498, pp. 8:5-19 (Feb. 10, 2015).

The finding that the Terix Defendants' Sixth Affirmative Defenses do not apply to their alleged cross-use of Oracle's credentials and copyrighted software is a question of legal interpretation of the various agreements in place between Sun, Oracle, the Terix Defendants, and their customers.  Even if the Terix Defendants had concealed evidence of wide-spread cross use as Oracle incorrectly claims, those actions would not logically justify a finding on this legal issue.

Likewise, Oracle's requested finding that the Supplemental Laptop and the Testing Directory be deemed authentic and admissible at trial if offered by Oracle *for any purpose* is not justified.  Oracle already had the chance to, and did, question Jason Joyce extensively regarding these sources at his second deposition on January 13, 2015.   Oracle can, and should, be forced to show that the information it intends to offer from these sources at trial complies with the rules of

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12

- 22 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION TO ORACLE'S MOTION FOR SANCTIONS

5:13-CV-03385-PSG

1   evidence.[21]  Oracle's proposed legal findings could have the unfair and presumably unintended

2   consequence of allowing the Terix Defendants' attorney-client communications and attorney

3   work product to be used as exhibits at trial.

4       **C.    Oracle's Motion For Sanctions Is Untimely And Fails To Follow The
            Required Format; It Should Be Denied For That Reason Alone**

5

6           As Oracle has repeatedly acknowledged, this Court has ordered that discovery disputes—

7   including those arising under Rule 37 of the Federal Rules of Civil Procedure—must be resolved

8   in a timely manner through the letter brief process.  Despite the Court's order, Oracle has failed to

9   submit this dispute in letter brief form within the deadlines for addressing such disputes.   *See*

10  Dkt. No. 466, p. 1:26-2:3 (January 26, 2015).  Accordingly, Oracle's Motion should be denied.

11      **1.    The Court Has Ordered—At Oracle's Request And The Agreement Of
            The Other Parties—That Discovery Disputes Must Be Submitted In
            Letter Brief Form Prior to the Deadline for Submitting Such Disputes**

12

13          Oracle first proposed on October 29, 2013 that the Court resolve the parties' then-pending

14  discovery disputes "expeditiously" through letter briefs.  Case Management Statement, Dkt. No.

15  42, p. 11:8-10 (Oct. 29, 2013).  Oracle repeated this request at the case management conference

16  on November 12, 2013.  Coleman Decl., ¶21, Exh. P, p. 69:1-7.  In response, the Court ordered—

17  upon the agreement of all the parties—that discovery disputes must be resolved through the letter

18  brief process.  In discussing this matter, the Court referred to Rule 37 motion practice as a

19  discovery dispute.  *Id*. at Exh. P, p. 69:15-70:25; Order, Dkt. 53 (December 11, 2013).  The Court

20  later refined the letter briefing procedure.  Coleman Decl.¶22, Exh. Q, at p. 54:7-25.[22]  The most

21

22  [21] Further, Terix has recently discovered that the Supplemental Laptop may contain privileged
    information that Terix produced inadvertently in its efforts to comply with Oracle's request to
23  produce an image of this device – because it had nothing to hide.  Coleman Decl. ¶14, Exh. I.
    [22] Significantly, Oracle confirmed that it understood—and agreed—that the letter brief is the
24  appropriate vehicle for resolution of Rule 37 motions in this case.  Case Management Statement,
    Dkt. No. 316, p. 6:28-7:3 (Aug. 12, 2014) ("Defendants have also tried to sideline Oracle's
25  motions, such as by insisting, after agreeing to a briefing schedule, that Oracle could not attach
    evidence to its letter brief and that Defendants would not respond to that brief unless Oracle filed
26  it as a formal Rule 37 motion – despite this Court's instruction that discovery motions should
    follow a different procedure.").  Indeed, on February 17, 2015, Oracle and the Terix Defendants
27  submitted a letter brief to the Court to address their dispute regarding sanctions against Oracle for
    its failure to preserve and produce its support websites.  Letter Brief, Dkt. No. 522 (Feb. 17,
28  2015).

1    recent order modifying the case schedule altered the deadlines for bringing motions regarding

2    discovery disputes, establishing February 6, 2015 as the deadline for submitting any opening

3    letter brief to a non-moving party.[23]  Order Modifying Case Schedule, Dkt. No. 466, p. 1:26-2:3

4    (January 26, 2015).

5          **2.    Oracle Failed To Follow The Letter Briefing Procedure And Failed To
               Bring Its Motion Within The Deadline Ordered By The Court**

6

7          Oracle did not serve a letter brief regarding the allegations in its Motion by February 6,

8    2015, as required by the Order Modifying Case Schedule, Dkt. No. 466.  Instead it chose to file

9    its Motion on February 10, 2015, four days after this deadline.  As such, Oracle's Motion fails to

10   follow the letter briefing procedure that the Court ordered at Oracle's urging.  This is clearly a

11   discovery dispute and Oracle seeks to punish the Terix Defendants for their alleged failure to

12   provide highly relevant documents and information in response to Oracle's depositions and

13   discovery requests.  Oracle moved, in part, under Federal Rule of Civil Procedure 37, a rule

14   whose very title ("Failure to Make Disclosures or Cooperate in Discovery; Sanctions") makes

15   clear that it concerns discovery disputes.  The Court contemplated—and Oracle agreed—that

16   motions brought under Rule 37 must comply with the letter briefing process.

17         The Court should also reject Oracle's Motion for the additional reason that Oracle failed

18   to bring its discovery dispute within the deadline agreed to by the parties and ordered by the

19   Court.  Nothing prevented Oracle from complying with this deadline.  Oracle was well aware of

20   the facts at issue in this Motion at least as early as January 13, 2015, when Jason Joyce was

21   deposed.  Because Oracle disregarded both the deadline for this Motion and the Court-ordered

22   procedure for bringing it, the Motion should be denied.

23         **D.    Awarding Expenses Is Not Appropriate In This Case And, In Any Event, The
               Attorneys Fees And Costs That Oracle Demands Are Excessive And
               Unreasonable**

24

25         Under Rule 37, the Court must not order the payment of the expenses incurred in making

26   _____

27   [23] After the moving party submits an opening letter brief, parties were required to exchange
     sections and revisions to the letter brief pursuant to the Court's schedule before the deadline for
     filing letter briefs on February 17, 2015.  Order Modifying Case Schedule, Dkt. No. 466, pp.
28   1:25-2:13 (Jan. 26, 2015).

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto
Burbank

626\1198181.12                                          - 24 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                              5:13-CV-03385-PSG

the Rule 37 motion if: (a) the opposing party's nondisclosure, response, or objection was

substantially justified; or (b) other circumstances make an award of expenses unjust.  Fed. R. Civ.

P. 37(a)(5)(A).  Given the tremendous discovery efforts necessitated by this case, Terix's

inadvertent error in not producing the Testing Directory and the Supplemental Laptop was

entirely reasonable and substantially justified, particularly since Terix agreed to produce these

sources at Oracle's request and before Oracle filed this Motion and the data contained on these

sources are largely duplicative of data previously produced in this case.  For these reasons, and

the others identified above, the circumstances of this case would make an award of expenses

unjust.  Further, Oracle has conveniently buried in a declaration the astronomical amount of

expenses that it demands; $49,290.30 in attorneys' fees and $3,626.00 in costs, all to draft the

Motion and its supporting documents.  Hixson Decl., Dkt. 500, ¶¶ 3-4 (Feb. 10, 2015).  This

amount is completely unreasonable for a single motion – especially in light of the fact that no

substantive evidence was included.  Further, Oracle plans to seek even more for its reply and for

the hearing on this Motion.  Motion, Dkt. 498, p. 18:16-17 (Feb. 10, 2015).

## IV.    CONCLUSION

The sanctions that Oracle seeks through its Motion are completely unjustified and

unsubstantiated.  The 2 sources of data at issue, Testing Directory and the Supplemental Laptop,

simply do not establish Oracle's allegations of widespread cross-use.   Oracle also has not

established  - nor can it - that the Terix Defendants acted in bad faith or that Oracle was

prejudiced in any way given Oracle was aware of the downloads contained in the Testing

Directory prior to August 4, 2014 and the data on the Supplemental Laptop is largely duplicative

of the data on the Current Laptop and has previously been produced.  Thus, Oracle cannot meet

its burden of establishing that it is entitled the extreme sanctions it seeks, all of which are

tantamount to terminating sanctions.  In addition, Oracle's request for attorneys' and costs should

be denied because they are excessive and because the Terix Defendants' conduct was

substantially justified.  Finally, Oracle's Motion failed to comply with the letter briefing protocol

and the deadlines established in this case.  For all of these reasons, Oracle's Motion should be

denied in its entirety.

1

2    Dated:  March 10, 2015                    HOPKINS & CARLEY
                                               A Law Corporation
3

4                                              By: /s/ Jennifer S. Coleman
                                                   John V. Picone III
5                                                  Jennifer S. Coleman
                                                   Attorneys for Defendants
6                                                  TERIX COMPUTER COMPANY, INC.,
                                                   SEVANNA FINANCIAL, INC., AND
7                                                  WEST COAST COMPUTER
                                                   EXCHANGE, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

626\1198181.12                                    - 26 -

DEFS. TERIX COMPUTER CO., INC., WEST COAST COMPUTER EXCHANGE, INC. & SEVANNA FINANCIAL, INC.'S  OPPOSITION
TO ORACLE'S MOTION FOR SANCTIONS                                    5:13-CV-03385-PSG