1
2
3
4
5
6
7
8
9
10

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC. et al., ) | Case No. 5:13-cv-03385-PSG |
| ) | |
| Plaintiffs, ) | **ORDER DENYING MOTION TO** |
| v. ) | **INTERVENE** |
| ) | |
| TERIX COMPUTER COMPANY, INC., et al., ) | **(Re: Docket No. 559)** |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is a motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)

brought by Amber Lambert, Jonathon Rich and Timmy J. Tholmes.  In order to succeed on such a

motion, the purported intervenors must be able to establish that they can intervene by right or by

permission.[1]  The rule also requires that "[t]he motion must state the grounds for intervention and

be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[2]

_____

[1] Fed. R. Civ. P. 24(a)-(b):

   (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene
   who:
       (1) is given an unconditional right to intervene by a federal statute; or
       (2) claims an interest relating to the property or transaction that is the subject of the
       action, and is so situated that disposing of the action may as a practical matter impair or
       impede the movant's ability to protect its interest, unless existing parties adequately
       represent that interest.
   (b) Permissive Intervention.
       (1) In General.  On timely motion, the court may permit anyone to intervene who:
           (A) is given a conditional right to intervene by a federal statute; or

1

Case No. 5:13-cv-03385-PSG
ORDER DENYING MOTION TO INTERVENE

The purported intervenors claim that they "were personally affected by Terix Computer Company Inc. between 2010 [and] 2013," and that they have "a common vested interest with this litigation and will provide this [] court documents, exhibits, transcripts, emails, blogs, texts, and financial documents related to this intervention."[3]  But they do not specify for which claim they seek intervention, nor do they allege any facts supporting a legitimate connection to the underlying litigation.  On this record, there is no basis on which to allow intervention.[4]  The motion to intervene in DENIED.


**SO ORDERED.**

Dated: March 25, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

(B) has a claim or defense that shares with the main action a common question of law or fact. . . .

[2] Fed. R. Civ. P. 24(c).

[3] Docket No. 559 at 1-2.

[4] The court also notes that one of the purported intervenors—Jonathan Riches—has a long and litigious history filing frivolous lawsuits in courts across the country.  *See, e.g.*, *In re eBay Seller Antitrust Litig.*, Case No. 07-cv-01882, 2009 WL 111550, at *1 (N.D. Cal. Jan. 15, 2009) (denying a motion for reconsideration and motion to intervene and explaining that Riches "has made a reputation for himself by filing numerous lawsuits of questionable legitimacy"); *Riches v. Foxworthy*, Case Nos. 08-cv-0068 et al., 2008 WL 170086, at *1 (N.D. Cal. Jan. 16, 2008) ("It is not clear whether [Riches'] outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing.  Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved.  It is time for them to stop."); *In re Genetically Modified Rice Litig.*, Case No. 06-cv-01811, 2008 WL 4966722 (E.D. Mo. Nov. 19, 2008) (identifying Riches as a "pro se litigant who has a history of filing frivolous lawsuits and motions in this district and in other courts across the country").

Case No. 5:13-cv-03385-PSG
ORDER DENYING MOTION TO INTERVENE

United States District Court
For the Northern District of California