UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE AMERICA, INC., et al.,

    Plaintiffs,

    v.

TERIX COMPUTER COMPANY, INC.,, et al.,

    Defendants.

Case No. 13-cv-03385-JST   (MEJ)

**ORDER GRANTING MOTION FOR JUDGMENT DEBTOR EXAM**

Re: Dkt. No. 699

Judgment creditors Oracle America, Inc. and Oracle International Corporation (collectively "Oracle") move the Court to set a judgment-debtor exam for 10:00 a.m. on June 10, 2016. Judgment debtor TERiX Computer Company, Inc. ("Terix") filed an opposition brief and Oracle filed a reply. The Court already granted this relief once, when Judge Lloyd ordered the judgment-debtor exam to take place. Dkts. 685, 686. However, Oracle brought this application for a second time because the prior order for the judgment-debtor exam was vacated following Judge Lloyd's recusal. Dkt. 691. As the merits of Terix's arguments were already addressed by Judge Lloyd, the Court **GRANTS** Oracle's request and shall issue a separate order setting the exam schedule.[1]

**IT IS SO ORDERED.**

Dated: May 23, 2016

MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] In its current opposition, Terix argues Oracle is improperly seeking to take discovery in *Oracle America, Inc. v. Appleby*, Case No. 16-cv-02090, before the Rule 26(f) conference in that action. However, Oracle is permitted to take a judgment-debtor exam in this action under Federal Rule of Civil Procedure 69 for the permissible purpose of insuring its recovery under the Stipulated Judgment. Indeed, Oracle first filed its application to take a judgment-debtor exam in March 2016, Dkt. 678, and that application was originally granted, Dkt. 685, before the *Appleby* action was filed. As noted above, that examination did not take place because of Judge Lloyd's recusal and the subsequent vacatur of the deposition. Regardless, the fact that Oracle has now brought a fraudulent transfer action does not reach back into this case and deprive Oracle of the discovery it is permitted to take under Rule 69.